ERIE RAILROAD COMPANY *v.* HAMILTON, COUNTY TREASURER OF THE COUNTY OF ROCKLAND, AS PUBLIC ADMINISTRATOR OF MISTSCHOOK.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 112. Argued December 19, 1918.—Decided January 7, 1919.

Under § 237 of the Judicial Code, as amended September 6, 1916, a judgment of a state court based on a construction, but not denying the validity, of a treaty, is not reviewable by writ of error from this court.

Writ of error to review 169 App. Div. 936; 219 N. Y. 343, dismissed.

THE case is stated in the opinion.

*Mr. William C. Cannon,* with whom *Mr. Frederic B. Jennings* and *Mr. Harold W. Bissell* were on the briefs, for plaintiff in error.

*Mr. Herbert C. Smyth,* with whom *Mr. Frederic C. Scofield, Mr. Charles Angulo* and *Mr. Charles C. Sanders* were on the briefs, for defendant in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

The Erie Railroad Company was sued in the State of New York by the defendant in error to recover damages

for the claimed negligent causing of the death of Stephen
Mistschook, who was a subject of the Emperor of Russia
and who left surviving him a wife and three children resi-
dent in Russia.

After denying negligence and liability, the company
averred that it had settled the claim with the Russian
Consul resident at New York, who, acting under authority
of the treaties between the United States and the Emperor
of Russia, and in behalf of the widow and next of kin of
the deceased, had executed in due form of law and, for
the consideration of $400, had delivered a release of all
claims and demands arising from the death complained of.

The claim at the trial was not, and it is not now, that
the Russian Treaty of 1832 (8 Stat. 444, 448, Art. VIII,)
in terms gave the consul the power to make the settlement
relied upon, but that under the treaty of the United
States with Spain, invoked through the "favored nation"
paragraph of the Russian treaty, he had power to make it.

The trial court held that the Russian consul had no au-
thority to make the settlement pleaded or to give a valid
release, and the judgment recovered by the plaintiff (the
defendant in error), affirmed by the proper Appellate
Division of the Supreme Court and by the Court of Ap-
peals, is argued as if properly before us for review on writ
of error.

Since the judgment which the plaintiff in error seeks to
review was entered on December 12, 1916, the record pre-
sents the question whether writ of error or writ of certiorari
was the appropriate remedy for bringing the case into this
court under § 237 of the Judicial Code, as amended by
Act of Congress, approved September 6, 1916 (39 Stat.
726).

From the statement of the case which we have made it is
clear that the railroad company has relied throughout
the litigation upon the validity of the treaty of the United
States with Russia and that it has claimed rights under a

construction of that treaty which were denied by the defendant in error and by the New York courts. What the proper construction of the treaty is, is the only question argued in this court.

The only provisions of the Act of September 6, 1916, applicable to the review of such a case as we have here are these:

"A final judgment . . . in the highest court of a State in which a decision in the suit could be had, where is drawn in question the *validity* of a treaty . . . of . . . the United States, and the decision is against their [its] validity . . . may be re-examined and reversed or affirmed in the Supreme Court upon a writ of error . . .

"It shall be competent for the Supreme Court, by certiorari or otherwise, to require that there be certified to it for review and determination . . . any cause wherein a final judgment or decree has been rendered or passed by the highest court of a State in which a decision could be had . . . where any title, right, privilege, or immunity is claimed under . . . any treaty . . . and the decision is either in favor of or against the title, right, privilege, or immunity especially set up or claimed, by either party, under such . . . treaty . . . "

Since, as we have seen, the plaintiff in error has not assailed the validity of the Russian treaty but on the contrary has claimed under an asserted construction of it, which was denied, it is clear that the case cannot come into this court by writ of error, under the statute quoted. At most the railroad company asserted a right under the treaty which was denied to it by the state courts and this under the plain reading of the statute could give it a right to review here only by writ of certiorari.

The distinction between assailing the validity of a treaty or of a statute and relying upon a special construc-

tion of either is patent and has been the subject of such full discussion by this court that it should not now be considered either doubtful or obscure. *Baltimore & Potomac R. R. Co.* v. *Hopkins,* 130 U. S. 210; *District of Columbia* v. *Gannon,* 130 U. S. 227; *Louisville & Nashville R. R. Co.* v. *Louisville,* 166 U. S. 709, 715; *United States* v. *Lynch,* 137 U. S. 280, 285; *South Carolina* v. *Seymour,* 153 U. S. 353, 358; *United States ex rel. Taylor* v. *Taft,* 203 U. S. 461, 464; *Stadelman* v. *Miner,* 246 U. S. 544.

For want of jurisdiction the writ of error is

*Dismissed.*