JOHN HEGARTY, Appellant, v. LENA LAUBER, et al., Doing business as SARATOGA DAIRY and/or SARATOGA DISTRIBUTORS and/or SARATOGA FOOD DISTRIBUTORS, Defendants and Third Party Plaintiffs-Respondents. ·ORANGE CANNING CO., INC., Third Party Defendant. — In an action to recover for a breach of warranty in the sale of goods, judgment was recovered in favor of appellant and against respondents, and by respondents against a third party defendant, brought into the action pursuant to the provisions of section 193-a of the Civil Practice Act. Respondents did not appeal, but an appeal was taken by the third party defendant from the entire judgment as permitted by the provisions of subdivision 2 of section 193-a of the Civil Practice Act. Order of the City Court, City of White Plains, staying execution by appellant against respondents, pending appeal, on the deposit of·security, affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

In the Matter of ANTOINETTE DE CRESCENZO, Respondent, against CITY OF NEW YORK, Appellant.— On April 25, 1946, respondent and her two infant children were injured when a truck owned by appellant struck them. Respondent did not serve a notice of claim within the time required by section 50-e of the General Municipal Law, which time expired June 24, 1946. On October 11, 1946, respondent served a notice of motion for an order granting leave to serve notices of claim within a reasonable time after the expiration of the statutory period. The appeal is from a resettled order granting the application. Resettled order modified on the law and the facts by striking therefrom the words "and further notices of claim on behalf of the adults Samuel De Crescenzo and Antoinette De Crescenzo, against The City of New York". As so modified, the order is affirmed, without costs. There was no showing that respondent or her husband was so incapacitated within the sixty-day period following the accident that she or he was unable to serve a notice of claim sworn to by her or him or by someone on her or his behalf. Furthermore, the application was not·made within a reasonable time after the expiration of the period of respondent's alleged disability relied upon as excusing the failure to serve the notice within the prescribed statutory period, and the delay in making the motion is not explained. Carswell, Acting P. J., Johnston, Adel, Nolan and Sneed, JJ., concur.

In the Matter of JAMES GARDELLA, Respondent, against PAUL L. ROSS et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Appellants.— Order directing appellants to issue a certificate permitting the eviction of a tenant from dwelling premises reversed on the law and the facts, without costs, and the petition dismissed, without costs. In our opinion the need of respondent for the dwelling quarters for his own use and occupancy was self-created. After respondent had procured an eviction certificate from the Office of Price Administration and at about the time of the pendency of summary proceedings in the Municipal Court for possession of the apartment in question, another apartment in the premises became vacant and it does not appear in this record that respondent's need could not have been satisfied by availing hmself of the vacant apartment. Under such circumstances, appellants' denial of an eviction certificate is a proper exercise of discretion, and relief from a self-created hardship should not be granted by the court. (Cf. *Matter of Holy Sepulchre Cem.* v. *Board of Appeals of Town of Greece*, 271 App. Div. 33.) Carswell, Acting P. J., Johnston, Nolan, Sneed and Wenzel, JJ., concur.