MARY WINBUSH, Individually and as Administratrix of the Estate of VIOLA WINBUSH, Deceased, et al., Appellants, *v.* CITY OF MOUNT VERNON, Respondent, et al., Defendants.

Argued January 6, 1954; decided March 4, 1954.

*Richard L. Baltimore, Jr.,* and *Clarence Clyde Ferguson, Jr.,* for appellants. I. Valid notice of a claim for wrongful death of decedent may be given prior to the appointment of the personal representative. (*Ward* v. *Petrie,* 157 N. Y. 301; *Teresta* v. *City of New York,* 304 N. Y. 440; *Matter of Brown* v. *Board of Trustees, Hamptonburg School Dist. No. 4,* 303 N. Y. 484; *Mulligan* v. *City of New York,* 273 App. Div. 152; *Thomann* v. *City of Rochester,* 256 N. Y. 165; *Matter of Rouss,* 221 N. Y. 81; *People ex rel. Royal Bank of Canada* v. *Loughman,* 226 App. Div. 593, 254 N. Y. 512.) II. The Appellate Division erred in holding that Special Term was without power to allow amendment of a notice of claim, not affecting the time or manner of service, where such a notice was given prior to the appointment of the administratrix, and within sixty days of the time of injury.

(*Holmes* v. *City of New York,* 269 App. Div. 95, 295 N. Y. 615; *Matter of Charlemagne* v. *City of New York,* 277 App. Div. 689, 302 N. Y. 871.*)

*Harry Zimmerman, Corporation Counsel* (*Louis R. Pagano* of counsel), for respondent. I. The notice was void insofar as it purported to claim damages for the death of Viola Winbush because neither the claim nor the claimant existed at the time it was served. (*Boffe* v. *Consolidated Tel. & Elec. Subway Co.,* 171 App. Div. 392, 226 N. Y. 654; *Rice* v. *Postal Tel.-Cable Co.,* 174 App. Div. 39, 219 N. Y. 629; *Crouse* v. *New York State Rys.,* 214 App. Div. 678; *Hill* v. *Shafty,* 121 Misc. 273; *Sutherland* v. *State of New York,* 189 Misc. 953; *Matter of Meekin* v. *Brooklyn Heights R. R. Co.,* 164 N. Y. 145; *Barnes* v. *City of Brooklyn,* 22 App. Div. 520; *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Matter of Mulligan* v. *County of Westchester,* 272 App. Div. 927; *Mulligan* v. *City of New York,* 273 App. Div. 152; *Matter of Hackling* v. *Board of Educ., Vestal School Dist. No. 1,* 187 Misc. 52.) II. The legal principles stated and established by the *Crapo* case have not been superseded by the statute involved here. (*Matter of Figueroa* v. *City of New York,* 279 App. Div. 771; *Reining* v. *City of Buffalo,* 102 N. Y. 308; *Weisman* v. *City of New York,* 219 N. Y. 178; *Thomann* v. *City of Rochester,* 256 N. Y. 165; *Marcantonio* v. *City of Beacon,* 158 Misc. 851, 247 App. Div. 822; *Ponsrok* v. *City of Yonkers,* 254 N. Y. 91; *Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634.) III. The death claim contained in the individual's notice of claim cannot be validated by construing it as having been served in behalf of plaintiff in advance of her appointment as administratrix. (*Matter of Charlemagne* v. *City of New York,* 277 App. Div. 689, 302 N. Y. 871; *Matter of Martin* v. *School Bd.* [*Long Beach*], 301 N. Y. 233.) IV. The notice was not amendable because it was void. (*Miller* v. *City of New York,* 187 Misc. 926.) V. The amendment sought would be prejudicial to the city. VI. The amendment sought would permit late filing of death claims contrary to the statute. (*Fullam* v. *Westchester Co. Playground Comm.,* 273 App. Div. 1011; *Matter of Brown* v. *Board of Trustees, Hamptonburg School Dist. No. 4,* 303 N. Y. 484; *Mulligan* v. *City of New York,* 273 App. Div. 152; *Matter of Mulligan* v. *County of Westchester,* 272 App. Div. 927; *White*

v. *City of New York,* 277 App. Div. 1124, 302 N. Y. 726; *County of Broome* v. *Binghamton Taxicab Co.,* 190 Misc. 925.) VII. The complaint and the bill of particulars fail to state facts sufficient to constitute the first cause of action. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; *Walden* v. *City of Jamestown,* 178 N. Y. 213.)

DESMOND, J. To pass on the validity, under section 50-e of the General Municipal Law, of a notice of claim filed against the City of Mt. Vernon, we must answer this question: may a person qualified to be, but not yet appointed, administratrix validly file a wrongful death claim, that person having been, subsequently and within the statutory ninety-day time limit for filing the notice, appointed administratrix? The notice of claim which is here under attack was filed by appellant Mary Winbush, who was, and who described herself in the paper as, one of the next of kin of each of three deceased persons. The claim was made because of the deaths of those three persons: appellant's sister Viola Winbush, an adult, and appellant's two infant nephews, James and Wilson Winbush, all three having been burned to death in a fire on the night of January 24–25, 1949, in a building owned and operated by the Mt. Vernon New York Housing Authority. The theory of the claim was that the fire was caused by the negligence of the City of Mt. Vernon and/or the Mt. Vernon Housing Authority. However, the claim, and the later-brought suit which has been here dismissed, were against the City of Mt. Vernon, only. The notice of claim was filed with the city on March 3, 1949, and so there is no question of timeliness, within the ninety-day time limit of section 50-e (*supra*) for such filing. The difficulty is that plaintiff-appellant Mary Winbush was not yet, at the time of such filing, administratrix of the estates of any of the three deceased persons. In fact, at the time the notice was filed, the Public Administrator of Westchester County had already been appointed administrator of the estates of the two infants, James and Wilson Winbush. Plaintiff-appellant Mary Winbush was, on March 29, 1949, still within the ninety days provided by section 50-e (*supra*) for the filing of a claim, appointed administratrix of the estate of her sister, Viola Winbush, the adult who was burned to death in the fire. Section 130 of the Decedent Estate Law permits a suit for wrongful death to be brought by an executor or adminis-

trator only, but there is no such statutory requirement in the notice of claim statute.

Mary Winbush, as administratrix of the estate of her sister Viola, after her appointment as such, and the Public Administrator, as administrator of the estates of the two deceased infants, brought this present suit against the City of Mt. Vernon and the Housing Authority, but the city only has been served. The city moved, in August, 1952, to dismiss the wrongful death counts in the complaint, on the ground that they failed to state any causes of action, since it appeared from the complaint and the bill of particulars that, at the time this notice of claim was filed, plaintiff-appellant Mary Winbush had not yet been appointed administratrix of the estate of her sister, and, also, that at the time of such filing, someone other than Mary Winbush, to wit, the Public Administrator, was already acting as the administrator of the estates of the two boys (there is in the complaint a separate cause of action for Mary Winbush's own injuries but that was not attacked and is not relevant here). As against that motion by the city, Mary Winbush, as administratrix of her sister, and the Public Administrator for the two infants, moved to amend the notice of claim previously filed, so as to add, after Mary Winbush's name in that claim, the words " both individually and as administratrix of the Goods, Chattels, and Credits of Viola Winbush, Deceased ", and further to amend that notice of claim by permitting the Public Administrator to join in the claim previously filed by Mary Winbush. The statutory basis relied on for this cross motion for amendment is subdivision 6 of section 50-e of the General Municipal Law, which is in full as follows: " 6. At or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. Application for such relief if made before trial, shall be by motion, on affidavits."

Special Term denied the city's motion to dismiss and granted, in both respects, the cross motion of plaintiffs to amend the notice of claim, the court pointing out that the claim adequately informed the city as to the details of the alleged accident and informed the city that claims would be made in certain amounts on behalf of each of the three deceased, and that the city could not be prejudiced by the failure of the Public Administrator to sign the paper, or by the fact that at the time of its filing Mary Winbush had not yet been appointed administratrix of her sister.

The city appealed to the Appellate Division, Second Department, which, by a divided court, affirmed so much of the lower court order as amended the notice of claim by putting in the Public Administrator's name. The Appellate Division, however, struck out so much of the lower court order as permitted the claim to be amended by adding to plaintiff Mary Winbush's name the additional language " individually and as administratrix ", etc. In other words, the Appellate Division let the claim stand as to the Public Administrator representing the estates of the two infants, but struck it down as to plaintiff Mary Winbush, administratrix of the deceased adult. The majority in the Appellate Division wrote a brief memo which, citing *Crapo* v. *City of Syracuse* (183 N. Y. 395) and *Matter of Mulligan* v. *County of Westchester* (272 App. Div. 927), later to be discussed herein, said that the notice of claim filed by Mary Winbush was a nullity insofar as it attempted to cover the death claim of Viola Winbush, since, at the time of its filing, there was no administratrix of Viola Winbush. The dissenting Justices in the Appellate Division thought that, while only an administrator or executor can bring a wrongful death action, anyone, whether technically authorized or not, can validly file a notice of claim (citing *Matter of Figueroa* v. *City of New York,* 279 App. Div. 771), and that, in permitting the amendment in both its phases, Special Term did not abuse its discretion (citing *Matter of Charlemagne* v. *City of New York,* 277 App. Div. 689, affd. 302 N. Y. 871). Since the majority of the Appellate Division held that the complaint should be dismissed as to Mary Winbush, purporting to sue individually and as administratrix of Viola, a judgment was entered dismissing that cause of action. She appealed here from so much

of that judgment as dismissed part of the complaint, but the city did not appeal from the other part of the judgment, which let stand the Public Administrator's cause of action. Since the Appellate Division's order was expressly stated to be " on the law ", there is no direct question of discretion here.

This appeal differs from a number of others which we have heard, as to notices of claims against municipal corporations, since here it is undisputed that the notice of claim was filed in time and on the proper city officials, and that it contained full particulars as to the time, place and details of the occurrence, the specifications of the city's alleged negligence and the amount of damages that would be demanded therefor. The primary purpose of section 50-e (*supra*), as often stated by the courts, is to give to a municipality prompt notice of such claims, so that investigation may be made before it is too late for investigation to be efficient (see Justice SHIENTAG's opinion for the Appellate Division in the *Charlemagne* case, 277 App. Div. 689, *supra*, which we affirmed, and see, also, *Teresta v. City of New York*, 304 N. Y. 440, 443). We have been very strict in some of the decisions such as *Matter of Martin v. School Bd. (Long Beach)* (301 N. Y. 233), but the errors in those cases were as to the time of service, and we were forced by the very language of the statute to hold that the time provisions contained in section 50-e (*supra*) are mandatory and beyond the reach of the courts. However, there is in the above-quoted subdivision 6 of the section (*supra*) the broadest kind of provision giving the courts discretion, in the absence of prejudice, to correct, supply or disregard a good faith mistake, omission, irregularity or defect " not pertaining to the manner or time of service ". Subdivision 6 makes it plain that the Legislature, to carry out the prime purpose of section 50-e, insists on a precise time limit for claims, and precise compliance with the requirements as to what officers are to be served, but leaves it to the discretion of the courts to correct any other kind of mistake or defect in such a paper. That explains the *Charlemagne* case (*supra*). There, a wife had been injured and separate claims had been prepared for and signed, one by the wife for her injuries and the other by the husband for his loss of service, etc., but, by mistake, the husband's claim only was filed,

so that within the time limited by statute no claim whatever was on file on behalf of the wife. The courts permitted the husband's notice of claim to be amended to include a statement that it was on behalf of his wife also, the theory of decision being that the paper actually filed by the husband fully informed the city that there would be a claim made by the wife, too. The only difference between that case and the present one is that the claim we are dealing with here is for wrongful deaths, and that appellant Mary Winbush, at the time of filing, was not, although she later was within the statutory time, the administratrix of her sister.

While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor. Quite pertinent here, although not completely in point, is *Matter of Figueroa* v. *City of New York* (279 App. Div. 771, 2d dept., *supra*) which was cited with approval by this court in *Teresta* v. *City of New York* (*supra,* p. 443). Figueroa was an incompetent at the time the claim was filed, with no committee yet appointed, but a claim filed on his behalf by a friend was upheld, the holding being that the friend's action might later be adopted by a committee subsequently legally authorized. No reason appears why that concept may not be applied in the present case, too.

Since a death action is brought for the benefit of the decedent's next of kin (see *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 370; *Central N. Y. Coach Lines* v. *Syracuse Herald Co.*, 277 N. Y. 110, 113; *Stutz* v. *Guardian Cab Corp.*, 273 App. Div. 4, 7, and cases cited), since the administrator is " a mere nominal party " (*Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343, 350, appeal dismissed 248 U. S. 369), and since any proceeds are not an asset of the estate but constitute a special fund, subject to a " trust for the sole benefit of [those] statutory distributees " (*Central N. Y. Coach Lines* v. *Syracuse Herald Co.*, 277 N. Y. 110, 113, *supra*), it seems, in the absence of any statutory prohibition, that those next of kin themselves should be permitted to file a notice of claim, even though a suit on

the claim cannot be brought until an administrator has been appointed. For their contrary conclusion here, the majority of the Appellate Division relied on the *Crapo* case (*supra*) and on *Matter of Mulligan* v. *County of Westchester* (*supra*) based on the *Crapo* ruling. The *Mulligan* case seems to rest on an erroneous theory of law that a cause of action for death by wrongful act accrues only on the appointment of an administrator. But the statute itself says (and we held in *Jones* v. *416 Pleasant Ave. Holding Corp.*, 304 N. Y. 893) that "Such an action must be commenced within two years after the decedent's death " (Decedent Estate Law, § 130). The *Crapo* case, in 183 New York, arose many years ago under a local charter provision which required that a death action against the city of Syracuse had to be commenced within a year after accrual of a cause of action, and that notice of the intention to commence such action and of the time and place of the accident had to be filed within six months after the accrual of the cause of action. At that time, as now, there was elsewhere in the statutes a general provision that such a death action had to be brought within two years after the death, but the special Syracuse statute had a peculiar provision which was interpreted as meaning that an action either for personal injuries or death was to be brought within a year after the accrual of the cause of action. Actually, the *Crapo* suit was brought a few days less than two years after the death. This court there held that the special Syracuse statute controlled, and that, therefore, the time for suing began to run from the appointment of an administratrix only; starting the time from the appointment of an administratrix made the filing of the *Crapo* claim and the bringing of the action timely. That same Syracuse statute required the filing of a claim within six months " after [the] cause of action shall have accrued " whereas our section 50-e requires filing within " ninety days after the claim arises ". In the *Crapo* case, the claim which the statute demanded had to contain not only a statement of the facts of the accident, but notice also of intention to bring a suit, and it was held that, since only an administratrix could bring the suit, only an administratrix could give notice of intention to sue, and so the time for filing the claim did not start to run until the administratrix was appointed. The present claim,

however, was preliminary to suit under section 130 of the Decedent Estate Law, as to which it has been specifically held that the time runs from death, and we have, also, section 50-e itself, which requires filing of the claim within ninety days '' after the claim arises ''. The *Crapo* decision is no authority against our holding here, as we do hold, that it was within the discretion of the Supreme Court to permit plaintiff-appellant Mary Winbush to amend her claim so as to show that it was on her behalf as administratrix as well as individually.

So much of the judgment as is appealed from should, therefore, be reversed, but, since the Appellate Division's modification was stated to be on the law, we must presume that the court did not pass on any question of discretion (Civ. Prac. Act, §§ 602, 606; see *Rugg* v. *State of New York,* 303 N. Y. 361, 364).

The judgment, insofar as appealed from, should be reversed, without costs, and the case remitted to the Appellate Division for determination of the question of fact, that is, of discretion.

LEWIS, Ch. J., CONWAY, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment reversed, etc.