RENEE R. MOTYKA, as Administratrix of the Estate of MICHAEL MOTYKA, Deceased, Respondent, *v.* CITY OF OSWEGO, Appellant.

VAUGHAN, J. (concurring). When this court decided *Buduson* v. *Curtis* (*ante*, p. 517) I did not participate in that decision. I disagree with the views stated by the majority holding in that case, and inherent in this case, for the

following reasons, in addition to those set forth in the dissenting opinion in the *Buduson* case:

The learned Special Term, as I see it, confused the question of the capacity to sue with the capacity to give notice of claim for wrongful death. It is because of this confusion, I believe, that we find cases holding that time to serve notice of claim in a death action runs from the time of the appointment of the administrator rather than from the date of death. Such confusion has, in my opinion, been removed by the recent case of *Winbush v. City of Mt. Vernon* (306 N. Y. 327). The question before the court in that case was, "May a person qualified to be, but not yet appointed, administratrix validly file a wrongful death claim, that person having been, subsequently and within the statutory ninety day time limit for filing the notice, appointed administratrix?" (P. 330.) The court answered the question in the affirmative. In so doing, it specifically held that a person other than an administratrix could file the notice required by section 50-e of the General Municipal Law. Implicit in that holding was a finding that a death claim existed as of the date of death and prior to the appointment of an administratrix and that one who is next of kin may file notice of claim for the wrongful death. "While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor. * * * it seems, in the absence of any statutory prohibition, that those next of kin themselves should be permitted to file a notice of claim, even though a suit on the claim cannot be brought until an administrator has been appointed." (306 N. Y. 334–335.) The court, after distinguishing various contrary authorities, went on to say: "The present claim, however, was preliminary to suit under section 130 of the Decedent Estate Law, as to which it has been specifically held that the time runs from death, and we have, also, section 50-e itself, which requires filing of the claim within ninety days after the claim arises." (306 N. Y. 335–336.)

What could be clearer? The court first says a claim for wrongful death may be filed by the next of kin prior to the appointment of an administrator. It follows that the claim must have been in existence at the time the next of kin filed notice of claim. As the court points out, the claim was preliminary to suit under section 130 of the Decedent Estate Law and time for filing runs from death, and finally the court points out that section 50-e requires the filing of such a claim within ninety days "after the claim arises".

The learned Special Term in the case under review refused to follow the decision in the *Winbush* case (*supra*), but adopted what it considered to be the holding of the Court of Appeals in *White v. City of New York* (302 N. Y. 726). I think the court misinterpreted the holding in that case. The action was one for wrongful death. It reached the Court of Appeals from an order of the Appellate Division, Second Department, which reversed an order of the Special Term made pursuant to section 50-e of the General Municipal Law permitting the plaintiff administrator to serve a notice of claim later than sixty days (now ninety days) from his appointment as administrator and directed service to be deemed *nunc pro tunc* as of within sixty days. The Appellate Division's reversal was predicated upon the ground that the plaintiff was not in the category of persons to whom such relief could be granted. The Court of Appeals affirmed the order of the Appellate Division. The only problem posed

by the appeal was whether the administrator of an infant killed through the alleged negligence of the defendant city has the right to claim the privilege of late filing of the notice required by section 50-e of the General Municipal Law. The decision of the Court of Appeals was limited to that question and was adverse to the administrator.

On further observation, section 50-e was "enacted with a view to enabling municipalities to make early investigations of claims and to marshal evidence promptly at a time when it is possible to do so." (*Matter of Brown* v. *Board of Trustees of Town of Hamptonburg School Dist.*, 303 N. Y. 484, 490.)

A further purpose for enactment of the statute was to establish a uniform time of ninety days for service of tort claims against all municipalities throughout the State except in cases of incompetents and infants where the court, upon proper cause shown, may extend the time (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 267).

To adopt the rule laid down by the Special Term would not only abort the purpose of the statute but would tend to create chaos and confusion. There would be a ninety-day limitation of time for filing of claims in personal injury actions following the happening of an accident (except as noted in cases of incompetents and infants) while in death actions the time for filing claims would be anybody's guess if the time starts to run from the date of the appointment of an administrator. Certainly that was not the intent expressed by the Judicial Council in its recommendation for a uniform time for service of notice of claim upon municipalities throughout the State. To adopt the reasoning of the Special Term would destroy the purpose of uniformity and section 50-e would serve no useful purpose.

However, I concur in the result; for I feel obligated to do so under the authority of *Buduson* v. *Curtis* (ante, p. 517, supra).

All concur, Vaughan, J., in result in an opinion; Kimball and Van Duser, JJ., in the following memorandum: We concur solely by reason of the prior decision of the court by which we are bound. See dissenting opinion in *Buduson* v. *Curtis* (ante, p. 521). Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order affirmed, with $10 costs and disbursements. [See *post*, p. 1216.]