Edward G. Baker, J.
Motion for an order granting leave to serve, in behalf of an infant, an amended notice of claim against the defendant city, and for leave to serve a supplemental summons and an amended complaint setting forth a cause of action for personal injuries allegedly sustained by said infant.
On August 16, 1955, plaintiff, Emily Speranza, then in her sixth month of pregnancy, allegedly was caused to fall to the ground by reason of the hazardous condition of a public highway in the borough of Brooklyn, as a result of which she claims to have been injured.
On October 19, 1955, in behalf of herself and of her husband, there was served upon the city a notice of claim which set forth, in the usual form, the name and address of each claimant, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damage or injury claimed. Under the paragraph headed “ The nature of the claim” there was included the statement “possible wrongful death of unborn child; ” and under the heading “ The items of damage or injury claimed ” there was included the statement “Possible internal injuries and complications of pregnancy, claimant, Emily Speranza, being in the sixth month of pregnancy at the time.”
The child was born on December 7,1955, and was, apparently, normal at birth.
About three weeks after the child’s birth, the mother testified at an examination held at tie comptroller’s office. The following is an excerpt from her testimony:
‘‘ Q. Now what did Dr. Mansell do? A. He examined me and he didn’t hear a heartbeat of the baby and he said he thinks the baby was dead and I would just have to wait my time and have a natural delivery and he took the blood test. So he kept examining me every two weeks. Well then he heard the heartbeat for the first time on October 19, and I delivered the baby on December 7, 1955.
“ Q. Did you have a normal delivery? A. Yes, as far as I know, yes.”
*129 When the infant was five and one-half months old a pediatrician noted a marked nystagmus of both Ms eyes. On May 2, 1957, when the infant was 17 months of age this condition, although improved, was still present. At this time it was also noted that the child was unable to walk alone and unaided and was unable to speak any words. In his affidavit, submitted on this application, the pediatrician states " ‘ the present condition and retardation of the infant and the persistent nystagmus, the inability to walk alone and retardation in speech development are all a direct result of the mother’s accident of August 1955.”
The city opposes the application upon the ground that it is, in reality, one to file a late notice of claim in the infant’s behalf, under subdivision 5 of section 50-e of the General Municipal Law and is barred by lapse of time.
Subdivision 6 of section 50-e of the statute permits amendment of a timely filed notice of claim to supply an omission or correct a mistake made in good faith, provided it appears that the other party will not be prejudiced thereby. It seems to me clear that, here, the city will suffer no prejudice whatever by the allowance of the amendment sought. There was full and timely notice of the accident with adequate opportunity to the city to investigate the circumstances surrounding the occurrence. There was notice of the fact that claimant, Emily Speranza, was pregnant at the time of the accident and that there was, at least, the possibility of injury to her unborn child. The fact of injury and the extent thereof were matters, obviously, not then capable of ascertainment. However, the notice was sufficient to apprise the city of a claim in the child’s behalf, the specific details of which, then unknown, might later be supplied. (See Matter of Charlemagne v. City of New York, 277 App. Div. 689, affd. 302 N. Y. 871.)
The primary purpose of the statute was satisfied by the notice here filed. As stated by Ftjld, J., writing for the court in Teresta v. City of New York (304 N. Y. 440, 443): “ The prime, if not sole, objective of the notice requirements of such a statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available.” (See, also, Winbush v. City of Mount Vernon, 306 N. Y. 327, 333.)
The motion is granted. Settle order.