Harold Baer, J.
This is an action for wrongful death and conscious pain and suffering. The defendant denies liability and pleads the following affirmative defenses which it claims bar the action:
(a) Plaintiff failed to comply with section 50-e of the General Municipal Law in that he failed to file a claim within 90 days of the occurrence.
(b) Plaintiff failed to commence an action within one year of the occurrence, as required by section 394a-1.0 of the Administrative Code of the City of New York.
(c) Plaintiff failed to commence an action within two years after the death of the decedent, as required by section 130 of the Decedent Estate Law.
Counsel have agreed that the question of law raised by these affirmative defenses should be determined first by the court. The relevant and agreed facts are as follows:
The decedent died as a result of a collision between an automobile and a pillar of an elevated subway structure. The accident and death occurred on November 4, 1953. The plaintiff was issued limited letters of administration on August 20, 1957. A notice of claim was filed on September 16, 1957. A Comptroller’s hearing was held December 15,1958. The within action was commenced December 23,1958.
Under section 50-e of the General Municipal Law, the administrator here had 90 days in which to file his notice of claim, which he did. The time to file such notice is computed from the date of the appointment of the administrator (White v. City of New York, 277 App. Div. 1124, affd. 302 N. Y. 726, 727 ; Winbush v. City of Mount Vernon, 306 N. Y. 327 ; Barnes v. City of Brooklyn, 22 App. Div. 520).
*889 The difficulty here is that “ section 130 of the Decedent Estate Law provides unequivocally that the time limitation contained therein must be computed from the time of the decedent’s death ” (McDonough v. Cestare, 3 A D 2d 201, 205 ; Jones v. 416 Pleasant Ave. Holding Corp., 304 N. Y. 893 ; Winbush v. City of Mount Vernon, supra).
The plaintiff here has urged that the case of Crapo v. City of Syracuse (183 N. Y. 395) holds that the action must be commenced within two years after the appointment of the administrator. As was pointed out by Judge Desmond in the Winbush case (supra), the Crapo case arose under a special Syracuse statute which was interpreted as meaning that a death action had to be brought within one year after the accrual of the cause of action, which event did not occur until the appointment of the administrator. Moreover, it is well to note that the action there was brought a few days less than two years after the death.
The two-year statute under section 130 of the Decedent Estate Law controlling, it follows that section 394a-1.0 of the Administrative Code is inapplicable.
The defendant’s affirmative defense under section 130 of the Decedent Estate Law is sustained and the complaint is accordingly dismissed. Judgment for the defendant.