■ In the Matter of ROSE W. LYNN, as Administratrix of the Estate of LOUIS R. LYNN, Deceased, Individually and as Guardian ad Litem of NANCY LYNN and Others, Infants, Respondent, v. CITY OF NEW YORK, Appellant.— In a proceeding pursuant to section 50-e of the General Municipal Law, for leave to serve a late notice of claim for damages for the wrongful death and for the conscious pain and suffering of the petitioner's deceased husband, the City of New York appeals from an order of the Supreme Court, Queens County, dated April 18, 1962, which granted petitioner's application. Order reversed on the law and the facts, without costs, and the application denied. The decedent left him surviving a widow and three infant children, the children being 18, 13 and 10 years of age, respectively. Decedent's death occurred on March 22, 1961, as the asserted result of malpractice between March 20, 1961 and March 22, 1961, upon which the claim is based. The petitioner, his widow, was appointed administratrix of his estate on April 27, 1961, Hence, the statutory 90-day period within which a notice of claim must be served expired on July 26, 1961. No notice of claim has been served or filed by anyone. The petitioner's application for leave to serve a late notice of claim was not

made until March 20, 1962. As administratrix, the petitioner is not one within the purview of subdivision 5 of section 50-e of the General Municipal Law relating to those to whom the court, in the exercise of discretion, may extend the time for the service of a notice of claim (*White* v. *City of New York*, 277 App. Div. 1124, affd. 302 N. Y. 726). Moreover, the record is insufficient to establish that there was a disability on her part which continued to the time of the subject application (cf. *Matter of White* v. *City of New York*, 285 App. Div. 69). Our attention is directed to the fact that the instant proceeding was brought by the petitioner not only as administratrix but individually as the widow of the decedent, and also as the natural guardian and as the proposed guardian ad litem of the infant children. The petitioner contends that each of the infants and that she as the widow, "were and are 'claimants' within the meaning of section 50-e"; and that each of them had the right to file the notice of claim contemplated by the statute. It is further asserted that "Since each of the four interested parties was and is equally a 'claimant', the infancy or mental or physical incapacity of such claimant vests Special Term with discretion to grant relief", i.e., to file a late notice of claim (citing *Winbush* v. *City of Mt. Vernon*, 306 N. Y. 327). We read the *Winbush* case as holding merely that a cause of action for wrongful death arises at the time of death and that one who is a next of kin may file a notice of claim *within the 90-day period* even though a suit on the claim cannot be brought until an administrator has been appointed. However, that case is not authority for the exercise of discretion to permit the next of kin to file a *late* notice of claim. Indeed, the petitioner's contention "may well be subject to the criticism that it advocates the splitting of a statutory cause of action, a practice which has met with condemnation by the courts of this jurisdiction" (*Mossip* v. *Clement & Co.*, 256 App. Div. 469, 470, affd. 283 N. Y. 554). Moreover, such contention tends to subvert the primary purpose of section 50-e which "is to give to a municipality prompt notice of such claims, so that investigation may be made before it is too late for investigation to be efficient"; and we are "forced by the very language of the statute to hold that the time provisions contained in section 50-e \* \* \* are mandatory and beyond the reach of the courts" (*Winbush* v. *City of Mt. Vernon, supra*, p. 333). While a *notice* of claim for wrongful death may be timely filed by a widow or by the next of kin, the only "claimant" is the person who has the capacity to prosecute the claim, i.e., the administrator or executor (Decedent Estate Law, § 130). The fact that the next of kin are infants is immaterial, as they are not "claimants" within the meaning of subdivision 5 of section 50-e. The proposed cause of action for conscious pain and suffering accrued during the lifetime of the decedent; and, as to this claim, the court may grant leave to serve the notice of claim within a reasonable time after the 90-day period has expired. The instant application was not made until two days short of a year after decedent's death and more than 10 months after the appointment of petitioner as administratrix. A sufficient explanation for the inordinate delay is lacking here (*Griffin* v. *Torres*, 284 App. Div. 1041). Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Kleinfeld, J., dissents, in part, and votes to affirm, in part, with the following memorandum: I agree with the majority, that there is no proper basis in the record to warrant granting to the widow or to the 18-year-old infant permission to file a late notice of claim; and I, therefore, concur in the reversal as to them. However, I dissent and vote to affirm as to the 10-year-old and the 13-year-old infants, each of whom, for the purposes of the statute was a "claimant", and, as such, had the right to file his or her own notice of claim (*Winbush* v. *City of Mt. Vernon*, 306 N. Y. 327). The effect of the majority decision is to deny that right to

the immature infants because of the laches of the administratrix. In my opinion, these infants lacked the mental capacity to protect their own rights as claimants (*Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282; *Biancoviso* v. *City of New York*, 285 App. Div. 320; *Matter of Wenz* v. *Board of Educ.*, 16 A D 2d 930; *Matter of Pandoliano*, 17 A D 2d 951). To preserve the rights of these immature infants would no more constitute the splitting of a cause of action than to deny the recovery of any part of the proceeds of a death action to next of kin who have suffered no pecuniary loss while allowing such recovery to other next of kin who have suffered pecuniary loss (cf. *Gross* v. *Abraham*, 306 N. Y. 525).