■ In the Matter of LEORA J. BOSTON, as Administratrix of the Estate of JOHN J. JAMES, Deceased, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In a proceeding pursuant to statute (General Municipal Law, § 50-e, subd. 5) for leave to serve a late notice of claim for wrongful death and conscious pain and suffering, the New York City Transit Authority appeals from an order of the Supreme Court, Kings County, made December 5, 1961, which granted the application. Order reversed on the law and the facts, without costs, and application denied, without costs. Findings of fact implicit in the opinion of the Justice at Special Term which are inconsistent herewith are reversed, and new findings are made as indicated herein. With respect to the claim for wrongful death, the administratrix is not within the protective ambit of the statute (General Municipal Law, § 50-e, subd. 5); hence, the court lacked discretionary power to extend her time to file a notice of claim (*Matter of Lynn* v. *City of New York*, 18 A D 2d 1076, affd. 13 N Y 2d 955; *White* v. *City of New York*, 277 App. Div. 1124, affd. 302 N. Y. 726; *Mulligan* v. *City of New York*, 273 App. Div. 152). With respect to the claim for conscious pain and suffering, the court did have such discretionary power (*Matter of Lynn* v. *City of New York*, supra; *Mulligan* v. *City of New York*, supra). However, on this record, we see no basis for the favorable exercise of discretion. We do not believe the administratrix has sufficiently shown that mental or physical incapacity was the cause of her failure either to timely file the notice of claim or to make this application within a reasonable time (cf. *Matter of Auricchio* v. *City of New York*, 272 App. Div. 1067, affd. 299 N. Y. 607; *Matter of De Crescenzo* v. *City of New York*, 274 App. Div. 889). Kleinfeld, Acting P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: The claimant is an administratrix by court appointment in the State of North Carolina. She cannot sue in this State in an action for wrongful death under section 130 of the Decedent Estate Law, unless she is a special statutory trustee under the laws of North Carolina (*Wiener* v. *Specific Pharmaceuticals*, 298 N. Y. 346, 349). On this record it cannot be determined whether she had such capacity to sue. If she did not have such capacity, then she may not sue without first obtaining ancillary letters in this State (*Wiener* v. *Specific Pharmaceuticals*, supra, p. 348); and, a fortiori, her time to file a notice of claim under the statute (General Municipal Law, § 50-e) would not terminate until 90 days after her appointment as ancillary administratrix (*White* v. *City of New York*, 277 App. Div. 1124, affd. 302 N. Y. 726; *Motyka* v. *City of Oswego*, 133 N. Y. S. 2d 816, affd. 285 App. Div. 1013, affd. 309 N. Y. 881). But no notice of claim has been filed; and the Statute of Limitations barring an action for wrongful death after the lapse of two years from the decedent's date of death (Sept. 17, 1960) is now effective. Under these circumstances, I see no point in modifying the order appealed from to permit the administratrix to introduce proof as to the nature of her appointment in North Carolina. I therefore concur in the result.