■  THOMAS MURRAY et al., Appellants, v. CITY OF NEW YORK, Respondent, et al., Defendant.— In a negligence action to recover damages for personal and property injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Queens County, dated September 23, 1971, which denied their motion for leave to serve a complaint upon defendant City of New York, and (2) as limited by their brief, from so much of an order of said court, dated November 11, 1971, as, upon reargument, adhered to the prior order. Appeal from order dated September 23, 1971 dismissed, without costs. That order was superseded by the order granting reargument. Order dated November 11, 1971 modified by adding to the decretal provision the following: " except that the motion for leave to serve a complaint upon defendant City of New York is granted as to the causes of action of plaintiff Thomas Murray." As so modified, order affirmed insofar as appealed from, without costs. In our opinion, no prejudice by reason of the delay in serving the complaint was shown by the defendant City of New York. It is apparent that the plaintiff Thomas Murray did not intend to abandon his causes of action and the delay in serving his complaint was not willful. The denial of his motion for leave to serve a complaint was an improvident exercise of discretion (CPLR 2004; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3216.04). The second cause of action, by the plaintiff wife, for loss of corsortium, is time barred. No notice of claim on her behalf for loss of her husband's services was served on the city pursuant to section 50-e of the General Municipal Law (cf. *Asch* v. *City of New York*, 34 A D 2d 778). Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Munder, J., joins in dismissing the appeal from the order dated September 23, 1971, but otherwise dissents and votes to affirm the order dated November 11, 1971 to the full extent appealed from and not only insofar as it relates to plaintiff Patricia Murray. The accident occurred at 5:30 A.M. on May 30, 1969 when plaintiff Thomas Murray drove his motorcycle into a chain which allegedly barred traffic from an exit from the Cross Island Parkway to Belmont Race Track. A notice of claim by him alone was filed almost three months later on August 19, 1969, followed a week later by an amended notice. No notice of claim was ever served by plaintiff Patricia Murray. Plaintiffs served a summons on the City of New York on April 28, 1970 and the city served its notice of appearance on the next day, April 29, 1970. Plaintiffs served an amended summons on May 20, 1970 and the city's notice of appearance and demand for the complaint was served on May 21, 1970. Plaintiffs made no attempt to serve the complaint until almost 15 months later, in August, 1971, and at that time the city refused service. CPLR 3012 (subd. [b]) provides in part that " If the complaint is not served within twenty days after service of the demand, the court upon motion may dismiss the action." Here, the complaint against the city was not served for almost 15 months after the

demand. Special Term denied plaintiffs' motion for leave to serve their late complaint for the reason that the moving papers were insufficient to grant the relief requested. On reargument or renewal, only one affidavit, by plaintiff Thomas Murray, was added to the attorney's affidavit of excuse. That affidavit was legally insufficient insofar as it concerned his claim and, insofar as it concerned Patricia's, was no affidavit at all. She furnished no affidavit. Moreover, the affidavit of excuse, less even than a law office failure, is no excuse at all for the default. Special Term adhered to its denial and I think properly. Not only was no notice of claim served by Patricia Murray (see *Asch* v. *City of New York*, 34 A D 2d 778), but the notice of claim of Thomas Murray never indicated that he had a wife or that a claim would be made for her (cf. *Winbush* v. *City of Mount Vernon*, 306 N. Y. 327).