■ GLEN BAKER et al., Appellants, v. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent, et al., Defendant.— In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve upon

the defendant New York City Health and Hospitals Corporation a late notice of claim for damages for the wrongful death and conscious pain and suffering of the plaintiff administrator's wife, plaintiffs appeal from an order of the Supreme Court, Queens County, dated May 4, 1973, which denied the application. Order modified, on the law and the facts, by inserting therein, immediately after the provision that the application is "denied", the following: "except that leave to serve such notice of claim upon said defendant is granted as to the claim for conscious pain and suffering." As so modified, order affirmed, without costs. On July 31, 1972 the decedent was admitted to the emergency room at Queens General Hospital with complaints of headaches, dizziness and nausea. She was treated with medication and released pursuant to a negative diagnosis. Immediately thereafter, her husband, plaintiff Glen Baker, took her to Hillcrest General Hospital, where she was admitted in a coma. The diagnosis was a cerebral hemorrhage and on August 5, 1972 she died while still confined at Hillcrest General Hospital. On September 13, 1972 limited letters of administration were issued to Mr. Baker. Hence, the statutory 90-day period within which a notice of claim for the wrongful death action had to be served expired on December 12, 1972. On September 14, 1972 a notice of claim was served on the defendant City of New York for the claims of conscious pain and suffering and wrongful death. On January 5, 1973 a notice of motion was served on the New York City Health and Hospitals Corporation for leave to serve a late notice of claim against it for the same claims, conscious pain and suffering and wrongful death. With respect to the claim for wrongful death, the administrator was not one within the purview of subdivision 5 of section 50-e of the General Municipal Law relating to those for whom the court, in the exercise of discretion, may extend the time for the service of a notice of claim (*Matter of Boston* v. *New York City Tr. Auth.,* 20 A D 2d 709; *Matter of Lynn* v. *City pf New York,* 18 A D 2d 1076, affd. 13 N Y 2d 955; *White* v. *City of New York,* 277 App. Div. 1124, affd. 302 N. Y. 726; *Mulligan* v. *City of New York,* 273 App. Div. 152). Thus, the court lacked discretionary power to extend the time to serve a notice of such a claim. The action for conscious pain and suffering accrued during the lifetime of the decedent and as to this claim the court did have discretionary power to grant leave to serve the notice of claim within a reasonable time after the 90-day period expired, i.e., October 29, 1972 (*Matter of Boston* v. *New York City Tr. Auth., supra*; *Matter of Lynn* v. *City of New York, supra*; *Mulligan* v. *City of New York, supra*). The instant application was made on January 5, 1973, less than two and one-half months after the expiration of the statutory period. The delay was attributable, in large part, to the illness of counsel. Further, there was no showing of prejudice to the defendant New York City Health and Hospitals Corporation. On this record it is our opinion that Special Term improvidently exercised its discretion in denying permission to serve a notice of claim for conscious pain and suffering against that defendant. Gulotta, P. J., Martuscello, Shapiro, Benjamin and Munder, JJ., concur.

