Per Curiam.

This is a proceeding brought by an administrator pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim on the defendant, New York City Health and Hospitals Corporation. Since the relief requested referred to two distinct causes of action, wrongful death and conscious pain and suffering, the first two paragraphs of subdivision 5 come into play (General Municipal Law, § 50-e, subd 5, pars [1], [2]).
With respect to the wrongful death action, the Appellate Division properly affirmed the denial of relief because that cause of action accrued to the personal representative (EPTL 5-4.1) and that person did not satisfy the requirements ff either paragraph of the subdivision. Under paragraph (1) the court’s discretionary power to grant an extension applies "(1) Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified; (2) where a person entitled to make a claim dies before the expiration of the time limited for service of the notice” (General Municipal Law, § 50-e, subd 5, pars [1], [2]). Although the claimant seeking an extension under paragraph (1) must establish a nexus between the disability and the failure to file in a timely manner, recent cases have construed this paragraph to vest discretion in the Supreme Court and the Appellate Division to allow the granting of relief without the demonstration of a nexus between the disability and the failure to file. (See, e.g., Matter of Murray v City of New York, 30 NY2d 113; Sherman v Metropolitan Tr. Auth., 44 AD2d 533, mod 36 NY2d 776.) However, where a claimant asserts mental or physical incapacity he must factually establish a nexus between that disability and the untimely filing. Here the claimant administrator was not an infant nor was he incapacitated (Matter of Lynn v City of New York, 18 AD2d 1076, affd 13 NY2d 955). Consequently, the court did not have the discretionary power to grant an extension under paragraph (1) of subdivision 5 of section 50-e. *928 Paragraph (2) is equally inapplicable in view of the fact that the claimant administrator is not deceased.
The cause of action for conscious pain and suffering requires a different analysis for the reason that such a cause of action accrues to the injured party (see, e.g., Griffin v Torres, 284 App Div 1041; Mulligan v City of New York, 273 App Div 152). Since the claimant injured party in the instant case was not an infant or mentally or physically incapacitated in such a way as to result in untimely filing, no relief may be granted under paragraph (1).
Focusing on paragraph (2) we note that the death of the claimant injured party occurred before the expiration of the time limited for service of notice; thus, bringing the pain and suffering action within the ambit of that paragraph. We emphasize the fact that under paragraph (2) there is' no requirement to establish a nexus between the excuse and the untimeliness. Therefore, the trial court had the discretion to grant an extension despite the fact that the excuse was totally unrelated to the disability. In reviewing the matter the Appellate Division felt that the delay was attributable in large part to the illness of counsel and that there was no showing of prejudice by the defendant, New York City Health and Hospitals Corporation. In view of the foregoing the Appellate Division concluded that the trial court’s refusal amounted to an improvident exercise of discretion. We conclude that the Appellate Division did not abuse its discretion. Accordingly, the order appealed from should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed, without costs.