██ In the Matter of DELOS E. RIFENBURGH, III, Individually and as

Administrator of the Estate of Evelyn E. Rifenburgh, Deceased, Respondent. County of Dutchess, Appellant.—In a proceeding pursuant to section 50-e of the General Municipal Law (references to section 50-e of the General Municipal Law are to that statute as it read prior to its amendment in 1976 [L 1976, ch 745]), for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Dutchess County, dated May 17, 1976, which granted the application. Order reversed, on the law and the facts, without costs or disbursements, and application denied. On January 15, 1975 the decedent, the four-year-old daughter of the petitioner, was fatally injured when a large Dempsey Dumpster fell on her, crushing her skull. She died six hours later. On April 11, 1975 limited letters of administration were issued to the petitioner. Hence, the statutory period within which a notice of claim for the wrongful death action had to be served expired 90 days later, on July 10, 1975 (see General Municipal Law, § 50-e, subd 1; *Erickson v Town of Henderson,* 30 AD2d 282; *Baker v New York City Health & Hosps. Corp.,* 44 AD2d 578, affd 36 NY2d 925). The causes of action for wrongful death and conscious pain and suffering were originally instituted against the City of Poughkeepsie and several other defendants. After several unsuccessful attempts to obtain disclosure of certain information gathered by the City of Poughkeepsie in its investigation of the accident, the city, on December 5, 1975, finally turned over material to petitioner, which included a letter from the Dutchess County Department of Health, dated December 4, 1974, which recommended the use of a Dempsey Dumpster on the site upon which the accident occurred. As a result of this information, a notice of claim was served upon the County of Dutchess on January 19, 1976. That notice was rejected by the county. With respect to the claim for wrongful death, the administrator was not one of those persons for whom the court, in the exercise of its discretion, could extend the time for the service of a notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law (see *Baker v New York City Health & Hosps. Corp., supra).* Thus Special Term lacked discretionary power to extend the time to serve a notice of such a claim. The cause of action for conscious pain and suffering accrued during the lifetime of the decedent and, as to that claim, Special Term did have discretionary power to grant leave to serve the notice of claim within a reasonable time after the 90-day period (computed from Jan. 15, 1975) expired. However, subdivision 5 of section 50-e also provided that an application for leave to file a late notice of claim "must be made within the period of one year after" the event. Here, the motion was made more than 13 months after the event and, accordingly, Special Term had no power to grant the application, even with respect to the cause of action for pain and suffering (see *Matter of Brown v Board of Trustees of Town of Hamptonburgh, School Dist. No. 4,* 303 NY 484; *Matter of Jackson v New York City Housing Auth.,* 15 AD2d 957; *Oxendine v City of New York,* 11 Misc 2d 257). Although subdivision 5 of section 50-e was amended effective September 1, 1976, petitioner may not avail himself in any way of the change, since the Court of Appeals has recently held that the amendment "does not revive claims that accrued more than one year prior to its effective date" *(Matter of Beary v City of Rye,* 44 NY2d 398, 413) and the claim here accrued on January 15, 1975, almost 20 months prior to the effective date of the amendment. Hopkins, J. P., Latham, Damiani and Suozzi, JJ., concur.