■ In the Matter of CARLA PIZZANO, an Infant, by Her Father and Natural Guardian, JOSEPH PIZZANO, et al., Respondents, v CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWN OF SMITHTOWN, Appellant.—In a proceeding pursuant to section 50-e of the General Municipal Law (as amd L 1976, ch

745, § 2) for leave to serve a single late notice of claim as to three accidents which occurred on October 17, 1972, October 17, 1974 and during February, 1976, respectively, the appeal is from an order of the Supreme Court, Suffolk County, dated May 9, 1977, which granted leave to the infant petitioner. Order modified, on the law, by (1) deleting so much thereof as granted the motion to file a late notice of claim as to the October 17, 1972 and October 17, 1974 accidents and (2) substituting therefor a provision denying the motion as to said accidents. As so modified, order affirmed, without costs or disbursements. Petitioners' notice of claim alleges that on three separate occasions the infant petitioner injured her left knee in schools operated by the appellant. No claim was made against the appellant until April, 1977, when the infant's father moved for an order directing that they be allowed to serve their notice of claim upon the appellant. Special Term had no power to grant the application as it pertained to the two earlier accidents. Although subdivision 5 of section 50-e of the General Municipal Law was amended effective September 1, 1976, the petitioners may not avail themselves in any way of the change. The Court of Appeals has only recently held that the amendment "does not revive claims that accrued more than one year prior to its effective date" (Matter of Beary v City of Rye, 44 NY2d 398, 413; see Matter of Rifenburgh, 63 AD2d 1004; Matter of McGrath v Board of Educ., 63 AD2d 1046). The October, 1974 and October, 1972 accidents occurred, respectively, almost two and four years prior to the effective date of the instant amendment. As to the remaining or third accident, Special Term did not abuse its discretion in granting the application. In deciding the instant appeal we have proceeded on the assumption that Special Term did not intend to grant the application by the petitioner father in his individual capacity, and to that extent we fully concur in the determination. A contrary determination on this issue would not have been sustained. Mollen, P. J., O'Connor, Rabin and Gulotta, JJ., concur.