opinion of the court
Daniel F. Luciano, J.
In this wrongful death action the defendants, the Long Island Rail Road Company (LIRR), and Metropolitan Transportation Authority (MTA) have moved “for an Order dismissing plaintiff’s action on the ground that it was not commenced within the one-year Statute of Limitations as required by subdivision 2, section 1276 of the Public Authorities Law.”
It appears that the decedent’s death, which resulted when the decedent was struck by a train owned and controlled by the defendants, occurred on August 7,1981. The plaintiff was appointed administratrix of the decedent’s estate on April 26, 1983. Notices of claim were thereafter served in May, 1983, and the action was subsequently commenced against LIRR on August 4, 1983, and against MTA on August 5, 1983.
Thus, although the action was commenced more than one year after the decedent’s death, it was commenced less than one year after appointment of the decedent’s administratrix and less than two years after the decedent’s death.
*761 As noted above, in support of their motion to dismiss the defendants rely upon subdivision 2 of section 1276 of the Public Authorities Law which provides, in part: “An action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued”.
This provision applies to the subsidiary corporations of the MTA as well (Public Authorities Law, § 1276, subd 6), and thus to the defendant LIRE.
The defendants contend that this cause of action accrued on August 7, 1981, the date of the decedent’s death, and, therefore, that the action, commenced more than one year after such accrual, is untimely.
The plaintiff asserts that an action for wrongful death accrues on the appointment of an executor or administrator of the decedent’s estate.
There is a significant distinction between the language of section 1276 of the Public Authorities Law and the general wrongful death provision contained in EPTL 5-4.1 (subd 1) which provides, in part: “The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent’s death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued. Such an action must be commenced within two years after the decedent’s death.”
The wrongful death provision in the EPTL, unlike the above-quoted provision of the Public Authorities Law, does not speak of accrual of the action. Rather, the period of limitation is “two years after the decedent’s death.” (See Jones v 416 Pleasant Ave. Holding Corp., 304 NY 893; see, also, Carrick v Central Gen. Hosp., 51 NY2d 242, 253, n 5; Sharrow v Inland Lines, 214 NY 101.)
The parties do not dispute that the applicable Statute of Limitations is that established by section 1276 of the Public Authorities Law. (Andersen v Long Is. R.R., 88 AD2d 328, affd 59 NY2d 657.) What is in dispute is the proper construction of the section.
*762 The defendants argue that appointment of the administratrix is not the point from which the periods of limitation should be measured. In support of this position counsel for the defendants states: “In the Andersen case, which was handled by the office of the undersigned, the date of death was August 23,1978, and the administrator was appointed on July 22,1980. The Court of Appeals clearly held that an action commenced by the service of a summons and complaint on August 27, 1980, was not timely as to the Long Island Rail Road Company, as the action was commenced more than one year and 30 days after the accrual of the wrongful death cause of action, i.e., after the date of death. The fact that the administrator had been appointed just over a month before the action was commenced did not concern the Appellate Division, which in its opinion cited and therefore implicitly overruled the [Santaniello] case [infra] relied upon by the plaintiff herein; nor did it concern the Court of Appeals.”
The court cannot agree with this conclusion since a review of both opinions in the Andersen case (supra) reveals, simply, that the courts did not discuss (or apparently even consider) the issue now at bar.
Rather, the court concludes that the rule regarding accrual of a cause of action for wrongful death is that the cause of action accrues upon the appointment of an executor or administrator of the decedent’s estate. (Crapo v City of Syracuse, 183 NY 395; McDonough v Gestare, 3 AD2d 201, mot for lv to app den 3 AD2d 861; Santaniello v De Francisco, 73 Misc 2d 934, on rearg 74 Misc 2d 229, affd 44 AD2d 831.)
Statements contained in the Court of Appeals opinion in Winbush v City of Mount Vernon (306 NY 327) could be construed to suggest that the wrongful death action accrued at a time other than appointment of the administratrix. Subsequent opinions, however, have explained that this was not the import of the Winbush decision. (Motyka v City of Oswego, 133 NYS2d 816, affd 285 App Div 1013, affd 309 NY2d 881; see, also, Buduson v Curtis, 285 App Div 517, affd 309 NY 879; Santaniello v De Francisco, supra.) Moreover, the Appellate Division, Second Department, in its 1957 decision in McDonough v Cestare (supra, *763 p 205), repeated the rule that “[a] right to relief by action for wrongful death accrues on the appointment of an executor or administrator of the decedent’s estate” citing Crapo v City of Syracuse (183 NY 395, supra), even though Winbush v City of Mount Vernon (supra) had been decided approximately three years earlier.
There are other examples of the courts recognizing the distinction between the date of accrual of a cause of action, as opposed to some other event, as the point from which a given period of time is to be measured. (E.g., Phillips v Village of Waterford, 48 AD2d 745; Erickson v Town of Henderson, 30 AD2d 282.) Clearly then, the difference in the language employed in EPTL 5-4.1 and subdivision 2 of section 1276 of the Public Authorities Law is not a mere difference in form; there is a substantive distinction.
Accordingly, because section 1276 of the Public Authorities Law requires that the period of limitations be measured from accrual of the cause of action and because this wrongful death action did not accrue until appointment of the administratrix the motion to dismiss is denied. Absent any clear statement of an appellate court to the contrary, this court is constrained to apply the plain meaning of the words in the statute.
The motion to dismiss the complaint upon the ground that the action was not timely commenced is denied.