In the Matter of FRANCESCO FIGUEROA, Respondent, against CITY OF NEW YORK, Appellant.— It is only with respect to one judicially declared incompetent that no one has authority to act on his behalf until a committee has been appointed (*Finch* v. *Goldstein*, 245 N. Y. 300). There is no proof in this record that the claimant has ever been declared incompetent; therefore under section 50-e of the General Municipal Law, the notice could have been served by claimant himself or by someone " on behalf of the claimant ". Anybody could have served the notice — a relative or a friend — on behalf of the claimant. The only purpose of the statute is to give the city notice of an accident or occurrence. (Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 265, 277.) A notice served on the city is sufficient even if served by someone not authorized by the claimant, whether or not the claimant is competent. It is not the prerogative of the city to question the authority of the person who served the notice. That authority is a matter which concerns only the claimant and the person who served the notice on his behalf. The one filing the notice, if not authorized, may not be able to obtain payment for his services, but that is no concern of the city. The same rule should apply to the making of the application for leave to file the belated notice, i.e., that the application should be permitted to be made, either by the claimant or by someone on his behalf, and it should make no difference whether the applicant is authorized or not. His action may be adopted by the injured person or by a committee or guardian subsequently legally authorized to act on the claimant's behalf. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.