MILDRED T. WHEELER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31580.)

ELMER WHEELER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31581.)

Court of Claims, March 12, 1953.

*Nathaniel L. Goldstein, Attorney-General (Lawrence H. Wagner* of counsel), for defendant.

*Robert W. Clarke* for claimants.

LAMBIASE, J. The State of New York has moved in each of the two above-entitled claims to dismiss the same upon the ground " that the Court does not have jurisdiction of the subject of the action and on the further ground which appears on the face of the claim, that the claim does not state facts sufficient to constitute a cause of action against the State of New York, and for such other and further relief as to this Court may seem just and proper."

It is alleged in each of the claims, among other things, that: " II. This claim is for negligence on the part of the State in that it failed to warn users of the State highway known as Route 64, and more particularly this claimant herein, of the existence of a dangerous condition thereon, to wit, a deer crossing that now exists and at all times hereinafter did exist approximately one hundred fifty (150) yards north of the intersection of said highway and Smith Road in the Town of Mendon, Monroe County, New York. That the claimant is informed and believes that said dangerous condition existed for a long period of time prior to his said collision and that the State had either actual or constructive notice thereof and it therefore became the duty of the State to warn users of said highway, and more particularly the claimant herein, of the said dangerous condition by the erection of proper and suitable warning signs or signals and for the failure of the State to so do, the claimant sustained the injuries and damages hereinafter set forth." (Claim par. II.)

Upon the argument of this motion we ruled that in our opinion the claim did state facts sufficient to constitute a cause of action against the State of New York, and we reserved decision on the other ground urged for dismissal, to wit: " that the Court does not have jurisdiction of the subject of the action " because the claims were not timely filed and were not timely served.

At all times in the claims mentioned subdivision 3 of section 10 of the Court of Claims Act, provided and now provides as follows: " 3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice

of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim."

Section 11 of the Court of Claims Act, at all times in the claims mentioned, provided and now provides in pertinent part as follows: " The claim or notice of intention shall be *filed* with the clerk of the court and a copy shall be *served* upon the attorney-general within the times hereinbefore provided for filing with the clerk of the court." (Emphasis supplied.)

And rule 11, Rules of the Court of Claims, at all times in the claims mentioned provided and now provides in pertinent part that: " A claim or notice of intention to file claim shall be filed by delivering it at the clerk's office in Albany to the clerk or in his absence to some person in charge of the office, or upon the receipt thereof at the clerk's office in Albany by mail or by express."

On February 8, 1951, the ninetieth day following the accident described in the claim, claimant, Elmer Wheeler, mailed a copy of a notice of intention to file a claim in each of the above claims to the Attorney-General of the State of New York and to the Clerk of the Court of Claims addressed to each of them in the city of Albany, New York. By affidavit of John J. Clark, Clerk of the Court of Claims, it appears that the notice of intention to file a claim in each of the above claims was filed in his office on February 10, 1951, the ninety-second day after the accident described in the claim. By that same affidavit it appears that the claim in each of the above-entitled claims was filed in his office on November 7, 1952.

The quoted provisions of the Court of Claims Act and of the Rules of the Court of Claims are governing herein. We conclude that the notice of intention to file a claim in each of the above-entitled claims was not timely filed with the Clerk of the Court of Claims in Albany, New York, and that by reason of that conclusion the claim in each of the above-entitled claims, although filed within two years after the accrual thereof, was not timely filed. For a general statement on filing see *Albany Builders' Supply Co.* v. *Eastern Bridge & Structural Steel Co.* (235 N. Y. 432, 437–438); *President & Directors of Manhattan Co.* v. *Laimbeer* (108 N. Y. 578).

The motion to dismiss each of the above-entitled claims on the ground that the court does not have jurisdiction of the subject of the action, and more particularly on the ground that the notice of intention to file a claim and the claim in each of the above-entitled claims were not timely filed, must be and hereby is granted, and each of the above-entitled claims must be and

hereby is dismissed on that ground. In the light of our determination herein we do not deem it necessary to discuss any other and further ground upon which the State bases its contention that the court does not have jurisdiction of the subject of the actions set forth in each of the above claims.

Submit order accordingly.