Alexander Del Gtorno, J.
This is a motion by the State for an order (1) dismissing the claim herein upon the grounds that the claim does not present facts sufficient to constitute a cause or causes of action, and that the court does not have jurisdiction to entertain the subject matter of this claim and of the causes of action alleged therein, and (2) for an order vacating the order granting permission to examine the State of New York before trial, heretofore made by this court on the 25th day of April, 1958.
The claimant, in opposition, prays for an order denying the motion of the State upon the ground that the claimant has complied with the statute and has thus established jurisdiction, and cross-moves for an order permitting the claim heretofore filed with the clerk to be considered as filed nunc pro tunc as of October 6,1957, or in the alternative, for an order permitting the claimant to file his claim in accordance with subdivision 5 of section 10 of the Court of Claims Act.
The claim is one for alleged false arrest and wrongful detention and imprisonment by the New York State police, occurring on July 8, 1957.
*91 On September 13, 1957, the claimant’s attorney sent to Governor Averell Harriman a letter containing a full report of the incidents leading to and constituting the claim, a carbon copy of the letter being sent to Arthur Reuter, Esq., acting commissioner of investigation. On September 20, 1957, Honorable Daniel Gutman, Counsel to the Governor, acknowledged receipt of this letter and stated that he personally was calling it to the attention of the Superintendent of State Police.
On October 7, 1957, claimant’s attorney mailed a notice of intention to the clerk of the Court of Claims at Albany, New York, who has filed herein an affidavit to the effect that the notice' of intention was filed with him on October 8, 1957, and who states further that a claim was filed with him on March 11, 1958. For the purposes of this motion, the court will consider the said claim as a proposed claim submitted herein.
After the occurrence of all of the above-mentioned events, and on or about the 25th day of April 1958, this court, upon motion to which there was no objection, granted the claimant permission to examine the State of New York before trial. Not at any time prior to the time of such order did the Attorney-General raise either of the instant objections. Nevertheless, he cannot be held to have waived such objections and may raise such issue at this time, since a notice of motion specifying either of the objections now raised may be served at any time prior to trial (Rules Civ. Prac. rules 106, 107).
Subdivision 5 of section 10 of the Court of Claims Act, upon which claimant relies for the relief sought by his cross motion herein, provides that a claimant who fails to file a claim or notice of intention within the time limited may, in the discretion of the court, be permitted to file such claim at any time within two years after accrual. The application for such relief shall show reasonable excuse for the failure to file and that “ the state or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim. ’ ’
With respect to the question of the possession,by the State or its appropriate department of actual knowledge of the essential facts constituting the claim, the court is of the opinion that under the circumstances, the letter written by claimant’s counsel to the Governor on September 13, 1957, 67 days after the arrest, containing all the information required in a notice of intention, which was forwarded by the Honorable Daniel Gutman, Counsel to the Governor, to the State Superintendent of Police, gave actual knowledge of the essential facts of the claim to the appro *92 priate department of the State, which, no doubt, was already aware of all the facts.
The excuse for failure to file within the 90-day period is offered by claimant’s attorney who states that he had calculated the 90th day to be October 8, 1957, and that his inadvertence and carelessness in miscalculation has brought about the present situation.
Actually, the 90th day was October 6, 1957, a Sunday. Since that day is excluded from computation, the claimant’s time to file became October 7,1957, The notice of intention was mailed by him on October 7,1957 and received by the clerk of the court the following day. Claimant contends that upon the authority of Garrette v. State of New York (197 Misc. 842) his mailing of the notice on October 7,1957 constituted substantial compliance with the provisions of the statute sufficient to establish jurisdiction. In that case, the court held (p. 846) that “ The filing of the notice of intention in the office of the clerk of this court is an administrative procedure and the position of the State was in no way prejudiced by the fact that the filing took place on the ninety-first day. ’ ’
In Matteo v. State of New York (203 Misc. 523) claimant’s attorney served and filed a notice of intention 91 days after the accident, and attributed his failure to do so within 90 days to his having computed the time on a monthly basis. The court, pointing out that the State had had notice of facts pertaining to the claim and not having been prejudiced by the delay of one day which, in the circumstances, was excusable, granted the motion to file the claim. The same result was sustained in Conti v. State of New York (277 App. Div. 955).
The case of Wheeler v. State of New York (204 Misc. 219) cited by the Attorney-General, is distinguishable from the case at bar, in that there the claimant did not move for permission to file his claim late, as the claimant herein has done.
The court finds that the claimant has failed to file his claim within the statutory period. Substantial compliance with a time statute is not sufficient. The time limits must be strictly complied with. However, his lateness is excusable and permitting the late filing of his claim comes within the relief requirements of subdivision 5 of section 10 of the Court of Claims Act, and since the State has not been substantially prejudiced, the claimant will be permitted to file his claim.
The motion of the State, insofar as it seeks an order vacating the order dated April 25, 1958, granting permission to examine the State of New York before trial, is granted, and in all other respects the motion of the State is denied. The cross motion *93 of the claimant is granted to the extent that he may file his claim within 15 days from the date of the order to be entered herein, provided that within such time the claimant also serves the Attorney-General with a copy of said order, as required by the rules of this court, and is in all other respects denied.
Settle order on notice in accordance with the terms of this decision.