Charles T. Major, J.
The State of New York, through its Attorney-General, made a motion (No. 4862) for the dismissal of the above claim, on the ground that the notice of intention was not filed within 90 days of the accrual thereof, in accordance with section 10 of the Court of Claims Act. The claimant made a cross motion (No. 4862-A) for an order granting permission *136 “ nunc pro tunc ” to the claimant to file -the claim herein, or in the alternative to deny the State’s motion to dismiss the claim herein.
This is a claim to recover damages for alleged negligence of the State, causing an automobile accident on November 16, 1955, on State Highway Route No. 298. Claimant’s time to file a notice of intention to file a claim expired at midnight on February 14,1956.
The claimant was originally represented by Robert K. Murray, Esq., of Syracuse, New York, who prepared the notice of intention to file a claim herein which claimant verified on February 10, 1956. Mr. Murray left the mailing of the. notices of intention to his secretary. February 12, 1956, Lincoln’s birthday, a legal holiday, was observed on Monday, February 13. The mailing of registered mail at the post office was necessarily delayed until February 14, and the notices of intention were mailed on that day. They were received by the Clerk of the Court of Claims and the Attorney-General on February 15, 1956.
Attorney Murray died in September, 1956," and claimant’s present attorney was retained on February 8, 1957. The claim herein was filed on July 8, 1957, within the two-year period prescribed for such filing. No application has been made for permission to file a late claim.
This claim was placed on the court calendar at Syracuse for the term which commenced on September 23, 1957, and announced ‘1 ready ’ ’ by both parties. Examinations before trial were had, and as this case was about to be reached for trial, the State made its motion herein.
In his cross-motion, the claimant asks for permission to file his claim “ nunc pro tunc ” as of July 8, 1957. The court has some powers to grant nunc pro tunc orders (Psaty v. Duryea, 282 App. Div. 94, 99, affd. 306 N. Y. 413), but this is not one of them.
The Legislature prescribed the time within which a claim against the State must be filed. This is a condition precedent (Petzold v. State of New York, 202 Misc. 255), and may not be circumvented by the court. (Slocum v. State of New York, 177 Misc. 114.)
Filing of the notice of intention on the 91st day after the accrual of the claim was not timely under the statute. (Wheeler v. State of New York, 204 Misc. 219, affd. 285 App. Div. 1008.) The Court of Claims is without authority to substitute something not prescribed by the Court of Claims Act or necessarily *137 implied. (Thomann v. City of Rochester, 230 App. Div. 612, revd. 256 N. Y. 165, 174.) The claimant’s remedy was to request the court to permit the filing of a late claim within the two-year period. (Court of Claims Act, § 10, subd. 5.)
The claimant’s motion is denied. The State’s motion is granted and the claim is dismissed.
Submit order accordingly.