Alexander Del Gtorno, J.
The State of New York has moved
to dismiss the above-entitled claim on the ground that this court does not have jurisdiction because the notice of intention to file a claim was not filed within 90 days of the accrual thereof as required by subdivision 3 of section 10 of the Court of Claims Act.
Subdivision 3 of section 10 of the Court of Claims Act provides as follows: “ 3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim. ’ ’
This claim for personal injuries arose on August 22, 1966, as the result of an accident occurring on the Montauk Highway (Main Street), Patchogue, New York. The State, in its moving papers, alleges that the time within which to file expired on November 20, 1966. November 20, 1966 was a Sunday — therefore, the period of computation is extended to Monday, November 21, 1966. The notice of intention was actually filed in the office of the Clerk of the Court of Claims on November 23, 1966, which was the 92d day, and the claim itself was filed on August 21, 1968. No application has been made for permission to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act.
The court finds that the claimants have failed to file their claim within the statutory period. Substantial compliance with the time statute is not sufficient. (Killeen v. State of New York, 12 Misc 2d 89.) “ These requirements must be strictly construed because the question of timeliness of filing is jurisdictional ”. (Crane v. State of New York, 29 A D 2d 1001.) Nor can the court *122 grant an order permitting the filing of the notice of intention “ nunc pro tunc ”. (Stewart v. State of New York, 15 Misc 2d 135,136.)
Accordingly, the motion is granted.