Arthur C. Aulisi, J.
Plaintiffs brought these actions seeking recovery against Lee Dyeing Company of Johnstown, Inc., hereinafter referred to as “ Lee,” and the City of Johnstown, hereinafter referred to as “ City”, for damages to certain goods owned by plaihtiffs, respectively, and allegedly in the possession of Lee for processing. The damage occurred on November 12, 1970, when Lee’s plant burned to the ground as a result of a fire.
Plaintiffs contend that the fire and the ultimate loss sustained by each plaintiff were caused by the negligence of the -Fire Department of the City of Johnstown, among other things, in shutting off the -sprinkler system of Lee’s plant after the fire was started, or in some other way permitted the fire to rekindle or become Ant of control; they also claim that the fire was caused initially or was allowed to become enlarged as a result of Lee’s negligence, but the latter issue is not before the court -on this application. Lee has cross-claimed against the City for indemnification in these actions.
On February 5,1971, a notice of claim on behalf of Lee against the -City was filed with the City Clerk of Johnstown pursuant to the provisions of section 50-e of the General Municipal Law. The notice sought recovery, among other things, for the building and contents owned by Lee and destroyed by the fire. In addition to complying with the requirements of section 50-e, in relation to its own claim for damages, Lee’s notice of claim set forth the following: ‘ ‘ In addition to the above items of damage, there may be claims and/or -suits by certain customers of the claimant *551 and notice is hereby given that the city will be held liable therefor.”
Plaintiffs bring this motion by order to show cause dated October 18, 1971, in each of the above-entitled actions, asking for leave to amend and correct the notice of claim filed by Lee as aforesaid, pursuant to subdivision 6 of .section 50-e of the General Municipal Law which provides as follows: “At or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or ,a defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court provided it shall appear that the other party was not prejudiced thereby. Application for such relief, if made before trial, shall be by motion, on affidavits * * * Failure to serve more than one copy may be corrected by such motion.”
Said section 50-e was added by chapter 694 of the Laws of 1945 on recommendation of the Judicial Council in order “to rectify the frequent and often gross injustices by which defects in form have prevented consideration of claims against municipal corporations on their merits.” (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 44.) On page 265 of the Report the Judicial Council commented: ‘ ‘ The requirement of notice is one of the safeguards devised by the law to protect municipalities against fraudulent and stale claims for injuries to person and property. It is designed to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still ‘fresh’.” (See also Eleventh Annual Report of 1ST. Y. Judicial Council, 1945, p. 51.)
The basic purpose of section 50-e, as has been stated in innumerable cases, is to insure the municipality of an adequate opportunity to investigate the accident and explore the merits of the claims while the information is readily available; that the statute was not intended to be used as a device to defeat the rights of people in legitimate claims, and that, being remedial in nature, it should be liberally construed. (Sandak v. Tuxedo Union School Dist., 308 N. Y. 226, 232; Winbush v. City of Mount Vernon, 306 N. Y. 327, 333; Teresta v. City of New York, 304 N. Y. 440, 443; Matter of Charlemagne v. City of New York, 277 App. Div. 689, 692, affd. 302 N. Y. 871; Sweeney v. City of New York, 225 N. Y. 271, 273.)
It is not disputed by the City that Lee’s notice of claim complied with the statutory requirements. Said notice further *552 apprised the City that other claimants — Lee’s customers — exist who are likely to make claims against the City. The City asserts that the amendment sought herein amounts to an attempt to create a new claim arguing that Lee is not allied in interest to plaintiffs. As bailee having possession of plaintiffs’ property, Lee does have a special property in the subject of the bailment. (5 N. Y. Jur., Bailment, § 83.) Thus, a mutual benefit bailorbailee relationship exists between Lee and plaintiffs, and Lee is under a duty to protect the interests of the bailors. In Matter of Figueroa v. City of New York (279 App. Div. 771) cited with the approval in Winbush and Teresta (supra), among others, the court upholds a claim filed on behalf of the claimant by a friend stating that ‘ ‘ notice served on the City was sufficient even if served by someone not authorized by the claimant.” A notice of claim need not be made by the injured party but may be given by anyone acting on his behalf. (Boettner v. Village of Mamaroneck, 123 N. Y. S. 2d 849, 850.)
The facts of these cases are distinguishable from the recently decided La Rocco v. City of New York (37 A D 2d 529, affd. 29 N Y 2d 687) in that in the latter case plaintiff attempted to amend the subrogee’s notice of claim for property damage by adding a belated notice of claim for personal injuries which would have constituted a substantive change beyond the scope of the statute. The same conclusion was reached by the court in Matter of Kinard v. City of New York (26 A D 2d 821) wherein the amendment sought was also of a substantive nature and not within the purview of said statute.
The City’s contention that if plaintiffs’ motion is granted the City would be severely prejudiced by reason of its limited insurance coverage is irrelevant to the issues herein. The test of whether or not the municipality is prejudiced is a realistic one. When the City was served with Lee’s notice of claim, it received full and detailed notice of the accident and of the fact that it would result in litigation. Any investigation made by the City to determine the merit of Lee’s claim necessarily would cover the same ground as would one to meet plaintiffs’ claims since, in the instant cases, plaintiffs’ claims are essentially the same except for the amount of damages involved and for a letter dated January 12, 1971 mailed by the attorneys for plaintiff Philip Wick Company, Inc. making a claim on behalf of the latter as a result of said fire and received by the City within the 90-day period.
*553 The law seems to be well settled that, if an unintended result is to be avoided, a statute should be given a rational interpretation consistent with achieving its purpose with justice and common sense. As was said by the late Chief Judge Cardozo in Wood v. Duff-Gordon (222 N. Y. 88, 91) “ the law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day.”
I do not find that the City will be prejudiced. Therefore, plaintiffs’ motion to amend the notice of claim filed by Lee on February 5, 1971 to include the claims of the plaintiffs in the above-entitled actions is hereby granted.