Dorothea E. Donaldson, J.
This claim is for damages for personal injuries, bodily harm, conscious pain and suffering, and wrongful death on July 1, 1968 of decedent, Carlos Gonzalez, predicated upon the alleged negligence of the defendant in its care and custody of the decedent while a resident at and being transported from the Mid-Hudson Rehabilitation Center to Kings County Hospital.
Defendant moved to dismiss on the ground that the court did not have jurisdiction in that the claim was not timely filed *433 within the provisions of subdivision 2 of section 10 of the Court of Claims Act. Decedent’s reputed wife, Marie Gronzalez, filed a notice of intention to file a claim on October 2, 1968, within 90 days of decedent’s death, but before her appointment as administratrix on September 14,1969. Subsequently, within two years of decedent’s death, claimant filed a claim as administratrix. Defendant maintained that claimant is charged with knowledge of the filing requirements, that subdivision 2 of section 10 must be strictly construed (Boland v. State of New York, 35 A D 2d 855; Lewis v. State of New York, 25 N Y 2d 881; Conquest v. State of New York, 58 Misc 2d 121; Di Bacco v. State of New York, 57 Misc 2d 832), that the fact that defendant is or was not prejudiced by the alleged late filing is immaterial (Dimovitch v. State of New York, 33 A D 2d 146; Crane v. State of New York, 29 A D 2d 1001), and that, since neither a claim nor notice of intention to file a claim was filed within 90 days after the appointment of the administratrix, the claim was not timely filed.
The court does not concur in defendant’s interpretation of subdivision 2 of section 10. As in Reifke v. State of New York (31 A D 2d 67), an appropriation case, where the notice of intention to file a claim was filed before and not after acceptance of the final estimate as provided for by subdivision 15 of section 30 of the Highway Law, to construe so narrowly the statute in a wrongful death action would destroy the legislative intent of its enactment. The purpose of the notice of intention to file a claim is to alert defendant to the existence of a claim so as to allow defendant ample opportunity to investigate claimant’s allegations befo.re conditions change and facts surrounding the claim become impossible to ascertain. (Fiumara v. State of New York, 49 Misc 2d 192; Figueroa v. City of New York, 279 App. Div. 771; Winbush v. City of Mount Vernon, 306 N. Y. 327.) Where notice of intention to file a claim is filed within 90 days of decedent’s death and the claim is filed by the proper party within two years of decedent’s death, the fact that the notice of intention to file a claim was not filed after the appointment of the administratrix is immaterial. To necessitate the filing of a subsequent notice of intention to file a claim by the same person who previously filed such notice in an unofficial capacity would be repetitive and cumulative. Since there is no prejudice to the State, the court, in its discretion, treats the notice of intention to file a claim and the claim conjunctively. The court therefore believes, and so finds, that the claim was timely filed, and that, accordingly, it has jurisdiction.
*434 The claimant did not appear during the two-day trial and did not present affidavits either verifying her identity or corroborating the excuse for her absence. Trial counsel’s proof was limited to proof produced by the State. Testimony thus elicited indicated events as follows: decedent, Carlos Gonzalez, was 22 years of age, had a history of drug addiction and psychic disorder, and was a rehabilitant at the Mid-Hudson Rehabilitation Center at the time of his death on July 1, 1968. On June 28, 1968, decedent was admitted to the center’s infirmary and placed on medication prescribed for treatment of his mental condition — schizophrenia affective type. The medication, which was administered as directed by the staff physicians, consisted of thorazine, stellazine and co-gentin. On July 1, 1968, arrangements were made to transfer decedent by car to Kings County Hospital for treatment of his mental condition. Decedent was placed in a camisole or strait jacket and, in the company of a rehabilitation employee and driver, left for Kings County Hospital at approximately one o’clock in the afternoon. During the trip, decedent’s conduct was such that, at a rest point, the driver telephoned a request for another guard who was dispatched to accompany decedent and the rehabilitation employee for the remainder of the journey. Decedent was admitted to Kings County Hospital at 4:25 p.m. and, at 4:40 p.m., pronounced dead. Decedent left him surviving his widow, Marie Gonzalez, aged 22 years, and one son* Charles Gonzalez, aged 3 years, at the time of decedent’s death.
The State moved to dismiss the claim based on the ground that claimant did not make out a prima facie case in negligence and assuming, arguendo, that a prima facie case of negligence had been proved, no causal connection was shown that such negligence was the proximate cause of decedent’s death. Substantiation of claimant’s allegations was woefully lacking. A presumption of defendant’s negligence cannot arise from the mere occurrence of an accident or a sudden, unexplained death. (Van Barneveld v. State of New York, 35 A D 2d 900; Frohm v. State of New York, 34 A D 2d 724; Kowalski v. State of New York, 7 A D 2d 762; Fitzgerald v. State of New York, 28 Misc 2d 283; Richards v. State of New York, 205 Misc. 3.) Where the circumstances, during decedent’s confinement at the rehabilitation center and immediately prior to his death are unfortunate and not sufficiently delineated, compassion alone does not justify an award. Claimant must bear the burden of proof and cannot rely on assumption or innuendo.
*435 At this juncture, the court notes that the attorney of record has not diligently prepared this claim for trial nor co-operated with the court in expediting the disposition of this claim. While trial counsel is to be commended for the effort he expended utilizing the proof available, neither he nor claimant’s attorney of record submitted all the requested exhibits.
The administratrix has failed to establish a prima facie case.
Claimant has produced no medical or expert testimony to establish causal relationship. There is, therefore, no need to consider defendant’s last contention.
The claim must be, and hereby is, dismissed.
Motions to dismiss the claim made by the defendant at the close of claimant’s proof, upon which decision was reserved, are now granted.