Daniel Becker, J.
This is a motion by the defendant for an order dismissing the above claim as not having been timely filed.
The claimant resists this motion asserting that by force of CPLR 205 this action was “ timely ” filed.
The claim arises out of the claimed negligence of the State. Morris Lewis died intestate on August 22, 1962 as a result of this alleged negligence. On November 17, 1962 a claim was filed by the widow Harriet Lewis. At the time of the filing of the claim she had not been appointed administratrix of the estate of her late husband. Thereafter on January 17, 1963 she was duly appointed administratrix. On August 11, 1965 judgment in favor of the claimant was entered in the Court of Claims after trial. On November 1, 1966 the judgment was reversed and the claim dismissed by the Appellate Division, Third Department. (Lewis v. State of New York, 26 A D 2d 878.) Claimant thereafter filed her claim as administratrix on January 14, 1967, or approximately 2 months after the dismissal of her first claim. On July 2, 1969 the Court of Appeals affirmed the determination. of the Appellate Division. (Lewis v. State of New York, 25 N Y 2d 881.) Claimant filed a further claim on November 18, 1969 or approximately four months after the decision in the Court of Appeals. These claims were consolidated by order of this court on October 12, 1971. It is noted that the claimant between January 17, 1963 and the first day of trial in 1965 never moved to amend her claim. (Lewis v. State of New York, 26 A D 2d 878, supra.)
*1033 The claimant contends that CPLR 205 is applicable, and therefore the time to commence a second action did not commence until the final determination of the original action on appeal.
Claimant’s position is premised upon the contention that the limitations of time as set forth in the Court of Claims Act are in fact Statutes of Limitation. Should this court find otherwise, the claim must be dismissed.
The State, in waiving its immunity from liability, specifically limited its waiver to situations where the claimant has complied with the limitations set forth in article II of the Court of Claims Act. (Phillips v. State of New York, 35 A D 2d 750.) The periods of time within which to commence an action are set forth in section 10 of the Court of Claims Act. The right to sue the State is a right created by the Legislature. It is a right which imposes upon the claimant certain time limitations which must be met before the court can exercise its jurisdiction. These limitations set forth in section 10 of the Court of Claims Act are jurisdictional and, therefore, this statute must be strictly construed. (Dimovitch v. State of New York, 33 A D 2d 146.) Should the claimant fail to satisfy these prerequisites to litigation, the court cannot attain jurisdiction. These limitations are statutory, qualifying the right to sue and therefore an inherent part of the created right. (Cf. Romano v. Romano, 19 N Y 2d 444.) The time fixed in section 10 of the Court of Claims Act must be treated as a qualification annexed to the right to sue the State. (Cf. Romano v. Romano, 19 N Y 2d 444, supra.) The time limitations contained in section 10 of the Court of Claims Act are, therefore, more properly denominated as conditions precedent which must be satisfied in order to vest this court with jurisdiction.
Consequently, CPLR 205 does not apply in the case at bar and cannot extend the limitations of time provided in the Court of Claims Act.
As provided in section 10 (subd. 2) of the Court of Claims Act, the executor or administrator of an estate is the proper party to file the claim. The claimant, as previously noted, was appointed after she filed this claim. This resulted in the claim’s being jurisdietionally defective. (Davis v. State of New York, 22 A D 2d 733.) Her claim is not saved by filing a new claim within six months after the Appellate Division’s decision herein. The statutory provision mandates that a claim be filed within two years after the death of the decedent. (Cdurt of Claims Act, § 10, subd. 2.) Claimant failed *1034 to satisfy this prerequisite and therefore the claim must be dismissed. Simple diligence would have preserved this action. She was appointed as administratrix well within two years after the death of Morris Lewis and had ample opportunity to comply with the conditions mandated by section 10 by filing an amended claim.
The court has no other recourse than to grant the State’s motion to dismiss this claim.
Motion granted.