■ TRAVIS FABRICS, INC., Respondent, v. LEE DYEING COMPANY OF JOHNS-TOWN, INC., Respondent, and CITY OF JOHNSTOWN, Appellant. (Action No. 1.) TREND TEXTILES, INC., Respondent, v. LEE DYEING COMPANY OF JOHNS-TOWN, INC., Respondent, and CITY OF JOHNSTOWN, Appellant. (Action No. 2.) PHILIP WICK COMPANY, INC., Respondent, v. LEE DYEING COMPANY OF JOHNSTOWN, INC., Respondent, and CITY OF JOHNSTOWN, Appellant. (Action No. 3.) — Orders, Supreme Court, Fulton County, entered on January 26, 1972, affirmed, with costs, on the opinion [68 Misc 2d 549] of the court at Special Term. Herlihy, P. J., Cooke, Kane and Main, JJ., concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J. (dissenting). These actions arise out of a fire which occurred on November 12, 1970 in a textile processing plant owned and operated by the defendant Lee Dyeing Company of Johnstown, Inc., in the City of Johnstown, New York. It is alleged that the fire and resulting damage were caused in part by the negligence of the defendant-appellant City of Johnstown. At the

time of the fire, Lee was holding, as bailee, processing fabric belonging to Trend Textiles, Inc., Travis Fabrics, Inc., and Philip Wick Company, Inc. The plant and its entire contents were totally destroyed in the fire. On February 5, 1971, 87 days after the fire, Lee filed with the city a notice of claim for "negligence and/or trespass" of the Johnstown Fire Department for damages arising out of their actions in fighting the fire. Said notice of claim specified items of damage to Lee's property, and stated as follows: "In addition to the above items of damage, there may be claims and/or suits by certain customers of the claimant and notice is hereby given that the city will be held liable therefor". None of the respondents filed separate verified notices of claim covering their losses. The three plaintiffs-respondents instituted proceedings pursuant to subdivision 6 of section 50-e of the General Municipal Law to amend the notice of claim filed by Lee against the City to include each of them as a claimant, alleging claims totaling $161,000. Shortly thereafter the same parties commenced actions against Lee and the city. In my view, respondents Travis Fabrics, Inc., and Trend Textiles, Inc., should not be permitted to amend the notice of claim filed by another party and thus avoid compliance with the General Municipal Law. It is obvious that respondents are making a circuitous effort to correct a fatal defect. No notice of claim was ever filed in the names of the respondents, and this is not an application to permit late filing. (See General Municipal Law, § 50-e.) Subdivision 6 of section 50-e permits amendment of a claim under certain circumstances, which are not here present. However, respondents do not seek an amendment of a claim but actually attempt to create a new claim. This is not an application to correct a "mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof" as permitted in subdivision 6 of section 50-e, but is an attempt to create a new claim by persons who had not given timely notice of their status as claimants. A defect as to time of service of a claim is not a "mistake, omission, irregularity or defect" such as may be under subdivision 6. While I agree with Special Term that a bailee in possession does have a special property in the subject of the bailment, the claim filed by Lee did not purport to state a claim upon its own behalf as a bailee, nor did it state that Lee was acting as agent for respondents, and it is not Lee who has moved to amend its claim.* It is elementary that a claim cannot be amended other than by a claimant. As to respondent Philip Wick Company, Inc., inasmuch as it wrote an unverified letter to the city on January 12, 1971 purporting to make a claim against the city arising out of the fire, it should be permitted to correct the omission of the verification in its notice of claim as provided in subdivision 6 of section 50-e. The order, insofar as it granted permission to respondents Travis Fabrics, Inc. and Trend Textiles, Inc., should be reversed.

---

* Of course, the statement in Lee's claim that "there may be claims and/or suits by certain customers * * * and notice is hereby given that the city will be held liable therefor" cannot be disregarded as being without effect. I note that Lee has been made a defendant in actions by each of the respondents in this case, and I am of the view that if Lee were to be held liable to them, the notice above-quoted would be sufficient to establish a claim against the appellant for indemnification under the theory of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143).