Henry W. Lengyel, J.
This a motion to dismiss the wrongful death claim herein on the ground that this court does not have jurisdiction thereof because the claim was not filed within 90 days after its accrual pursuant to subdivision 2 of section 10 of the Court of Claims Act.
Donald Johnson was killed on December 9, 1972, when he was struck by a motor vehicle while walking on or along Route 110, also known as New York Avenue, in the Town of Huntington, New York. Sandra Johnson Webster, decedent’s mother, filed a notice of intention to' file a claim with the Chief Clerk’s office of the Court of Claims and the Department of Law of the State of New York on March 9, 1973. Mrs. Johnson was, according to the notice of claim filed with our Chief Clerk on October 29, 1973 and served upon the Department of Law on October 30, 1973, granted letters of administration on July 17, 1973.
It is the State’s position that “ The notice of intention filed herein is a nullity since at the time it was filed there was no one legally authorized to institute an action. The claim having been filed 104 days after the appointment of the administratrix is not in compliance with the Court of Claims Act. The Court dobs not have jurisdiction of the claim.”
The statutory cause of action for wrongful death is embodied in EPTL 5-4.1 (previously Decedent Estate Law, § 130). That statute provides that the ‘ ‘ action must be' commenced within two years after the decedent’s death.” It was held by the Court of Appeals in Caffaro v. Trayna (35 N Y 2d 245, 249) that the “ restriction of time was a procedural limitation on the remedy and not párt of the substantive right created by the statute (contrast, e.g., Romano v. Romano, 19 N Y 2d 444 * * *).” The court cited with approval its prior decision in Sharrow v. Inland Lines (214 N. Y. 101).
The Court of Claims is, of course, a court of limited jurisdiction. It was stated in Buckles v. State of New York (221 N. Y. 418, 423-424): “ The state being sovereign is immune from action by a private suitor except with its consent. * * * It is not like a municipal corporation against which an action can be maintained and over which the courts have jurisdiction irrespective of the conditions precedent which may be hedged around the commencement and maintenance of an action. On the contrary, no claim can be litigated at all against the state, except by its permission. A valid cause of action may exist *739 but the state’s immunity prevents its enforcement. * * * When, therefore, the legislature in granting permission to prosecute an action against the state required notice of intention to be filed, that condition must be complied with in order to subject the state to an action. As was said in Gates v. State of New York (128 N. Y. 221): ‘ The state cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant. ’ Being thus a question of jurisdiction it could be raised at any time and could not be waived by any officer or authority representing the state.” (See, also, Trippe v. Port of N. Y. Auth., 14 N Y 2d 119, 123, 124; City of New York v. State of New York, 61 Misc 2d 517, 535-539.)
Subdivision 2 of section 10 of the Court of Claims Act provides that: “ A claim by an executor or administrator of a decedent * * *' for damages for a wrongful * * * death * * * shall be filed within ninety days after the appointment of such executor or administrator, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent. In any event such claim shall be filed within two years after the death of the decedent. ’ ’ Thus, the State Legislature integrated the time element with the cause of action and made the ‘ ‘ period of limitation * * * a matter of substance, limiting the right as well as the remedy.” (Romano v. Romano, 19 N Y 2d 444, 448.) The aforesaid statutory filing requirements are mandatory and as they were not adhered to, this court does not have jurisdiction of the claim herein. Claimant’s counsel cited two Court of Claims decisions, Fiumara v. State of New York (49 Misc 2d 192), and Gonzales v. State of New York (69 Misc 2d 432), in support of his position that this claim was timely filed. In both of these claims, as in the claim at bar, the notice of intention was filed before the representative was appointed and the claim was filed more than 90 days after such appointment but within two years of the date of death. The Judge in the Fiumara decision stated (p. 194): 11 The purpose of the notice of intention to file a claim is to alert the defendant to the existence of a claim and not to establish the legal .status of the one who filed. Notice of intention to sue may be filed by. a relative or friend. (Matter of Figueroa v. City of New York, 279 App. Div. 771; Winbush v. City of *740 Mount Vernon, 306 N. Y. 327).” The same Trial Judge stated in Gonzales v. State of New York (69 Misc 2d 432, 433) that 11 The purpose of the notice of intention to file a claim is to alert defendant to the existence of a claim so as to allow defendant ample opportunity to investigate claimant’s allegations before conditions change and facts surrounding the claim become impossible to ascertain. *. * * Where notice of intention to file a claim is filed within 90 days of decedent’s death and the claim is filed by the proper party within two years of decedent’s death, the fact that the notice of intention to file a claim was not. filed after the appointment of the administratrix is immaterial.” We agree with this Judge that, generally speaking, the principal purpose for the filing of a notice of intention to file a claim is to alert the State to the fact that a claim will be brought so that the State may investigate the basis for the claim at a reasonably early point of time. However, as much as we would like to, we cannot agree that such notice of intention may be effectively filed by a relative or friend, in a wrongful death situation, before the decedent’s personal representative was appointed. This point has not been directly treated by any appellate division in this State. In fact, in Davis v. State of New York (22 A D 2d 733), it was stated: “ Matter of Figueroa v. City of New York (279 App. Div. 771) relied upon by the claimant, is not applicable. The holding in that case that anyone can file a notice of intention to sue, even if he is not the legal representative of the estate, has no application here where we are not dealing with a notice of intention, but with the claim itself.” Both the Figueroa and Winbush decisions involved interpretations of section 50-e of the General Municipal Law which provides in part that: “ In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action # # * the notice * * * shall be given within ninety days after the claim arises.” At pages 330 and 331 of the Winbush (306 N. Y. 327) decision, Judge Desmond wrote that “ Section 130 of the Decedent Estate Law permits a suit for wrongful death to be brought by an executor or administrator only, but there is no such statutory requirement in the notice of claim statute.” (Emphasis added.) It was stated (pp. 334-335): “ Since a death action is brought for the benefit of the decedent’s next of kin * * * since the administrator is a ‘ mere nominal party ’ * * * and since. any proceeds are not an asset of the estate but constitute a special fund, subject to a ‘ trust for the sole benefit of [those] statutory distributees ’ * * * it seems, in the absence of any statutory prohibition, *741 that those next of kin themselves should be permitted to file a notice of claim, even though a suit on the claim cannot be brought until an administrator has been appointed. ’ ’ (Emphasis added.} (See, also, Sandak v. Tuxedo Union School Dist. No. 3, 308 N. Y. 226, 232.)
The language utilized by the Legislature in subdivision 2 of section 10 clearly requires the executor or administrator to file either a notice of intention to file a claim or the claim itself within 90 days after appointment. In our opinion, this mandatory statutory requirement is exactly the type of requirement or statutory prohibition alluded to in the Winbush decision; and, is exactly the type of legislatively imposed jurisdictional condition precedent referred to in Buckles v. State of New York (221 N. Y. 418, 423, 424). (See, also, Lewis v. State of New York, 69 Misc 2d 1031; Gorgoglione v. State of New York, Ct. of Claims, Oct. 29, 1974, Rossetti, J.)
Although, as stated above, we agree that the general purpose of a notice of intention is to make the State aware of an alleged negligent act at a point in time relatively close to the date of occurrence for investigatory purposes, we note that under subdivision 2 of section 10 an executor or administrator can be appointed a day or two before the two-year period runs out; and, if the claim is filed and served the next day and before the two-year period expires, this court would have jurisdiction. If such timing occurred, any investigation would be into a ‘1 stale ’ ’ event. This points up the difference between subdivision 2 of section 10 of the Conrt of Claims Act and section 50-e of the General Municipal Law with the latter being solely concerned with notice for investigatory purposes and the former being primarily concerned with jurisdictional purposes.
We find that the claimant has not complied with the requirements of subdivision 2 of section 10 of the Court of Claims Act; and, that this court does not have jurisdiction of the claim. The State’s motion is granted and the claim is dismissed.
We note that claimant’s two-year time limit will not expire until on or about December 9, 1974. We draw claimant’s counsel’s attention to subdivision 5 of section 10 of the Court of Claims Act.
The title to this claim seems to indicate two claimants. However, both counsel have ignored this draftsmanship and have treated this as one claim and one claimant. We concur.