OPINION OF THE COURT
Sol R. Dunkin, J.
In this CPLR article 78 proceeding, petitioner seeks to annul as arbitrary and capricious a denial of its petition for administrative review (hereinafter PAR) which was deemed denied pursuant to section 26-516 (h) of the Administrative Code of the City of New York and an order vacating the underlying decision of the District Rent Administrator dated June 12, 1987 which denied petitioner’s application for rent increases based on a major capital improvement.
*674 Petitioner is the owner of a building containing 204 apartments located at 67-66 108th Street, Forest Hills, New York. On July 15, 1985, petitioner applied to the Division of Housing and Community Renewal (hereinafter DHCR) for rent increases based on a major capital improvement consisting of the installation of new windows at a cost of $340,200. By order dated July 12, 1987, the District Rent Administrator denied the application on the following grounds:
"The tenant in Apt:D-5 responded alleging that the new windows were never installed in the apartment. On February 26, 1987, the owner responded by acknowledging the tenant’s claim. * * *
"To constitute a Major Capital Improvement, the installation of windows must be building-wide, affecting all apartments in an equal manner. In this case, a rent stabilized apartment did not have its windows replaced.”
On July 17, 1987, petitioner filed a PAR with the Commissioner of the DHCR. No decision was forthcoming. Thereafter, petitioner instituted the instant article 78 proceeding pursuant to section 2529.11 of the Rent Stabilization Code (9 NYCRR) which provides that if the Commissioner does not act within 90 days after a PAR is filed, the applicant may deem the petition denied for the purpose of commencing an article 78 proceeding.
Rather than submitting an answer to the petition, respondent initially cross-moved for an order remitting this matter to the agency on the grounds that no "final decision” had been rendered on petitioner’s PAR despite the expiration of the 90-day period in which applicants may deem their petitions denied. The cross motion was denied and respondent was directed to respond on the merits by February 29, 1988. On that date, respondent alleged that it could not locate the file and was granted a final adjournment to March 21, 1988. Respondent now maintains that it cannot answer the petition because the administrative record is in a storage room which is inaccessible due to a serious asbestos hazard. Moreover, the DHCR does not know when the storage room will be reopened.
No excuse has been preferred for the agency’s failure to inform this court at the outset of this proceeding that the administrative return was unavailable. Rather, the respondent appears to have undertaken a satisfactory search for the record only after this proceeding was marked final as against it. While this court is aware of the heavy caseload before the *675 agency, it does not excuse the respondent’s less than diligent defense of this case.
It is well established that the court’s power to review a determination of an administrative agency is limited to establishing whether the determination was warranted on the record, had a reasonable basis in law and is neither arbitrary nor capricious. (Matter of Colton v Berman, 21 NY2d 322.) Respondent is unable to submit to the court the administrative return for this proceeding. However, it is clear from the order of the District Rent Administrator that petitioner’s application was denied solely on the basis that windows were not installed in 1 apartment out of the 204 apartments.
Section 2522.4 (a) (2) (i) (c) of the Rent Stabilization Code provides that the improvement to the building must inure directly or indirectly to the benefit of all tenants. Despite the reference in section 2522.4 to "all tenants”, petitioner has submitted several decisions by the agency regarding factually similar cases in which the agency itself found that an owner could not be denied a rent increase where only one or a few apartments did not contain the stated improvements. This de minimis exception, as it appears in the agency’s own decisions, appears to have been adopted so that an owner who has gone to a great expense to make a building-wide major capital improvement will not be denied a rent increase because of one or a small number of apartments.
Moreover, it is well settled that courts need not follow the literal words of a statute where to do so would produce a result that the Legislature clearly did not intend. (See, People v Ryan, 274 NY 149; see also, Matter of Anderson v Board of Educ., 46 AD2d 360, affd 38 NY2d 897.) Statutes should be interpreted in order to avoid an unintended result. (Matter of Meyer, 209 NY 386; Travis Fabrics v Lee Dyeing Co., 68 Misc 2d 549, affd 42 AD2d 626.) In addition, to the extent that the statute may be regarded as ambiguous, it should be interpreted to avoid objectionable consequences (Metropolitan Life Ins. Co. v Durkin, 301 NY 376), and inconvenience (Matter of Meyer, supra). There is no question that it would be unjust and contrary to the purpose of the Rent Stabilization Law to deny a major capital improvement increase to an owner who has spent large sums of money to improve a building on the basis that only 1 out of 204 apartments was not improved. The respondent agency itself has found such a result to be in violation of the rent regulations in cases which were factually similar to the instant matter.
*676 It is clear from the face of the agency’s order itself that the District Rent Administrator made an error of law. Moreover, in view of the agency’s other decisions, the denial of petitioner’s application based on one apartment was arbitrary and capricious.
Nonetheless, the administrative return is not available and this case must be remanded to the agency for a computation of the increase. Moreover, a few tenants have objected to the increase on the grounds that some of the installation is incomplete or was not done properly. Upon remand the agency shall determine the claims of those tenants in regard to an increase with respect to their units.
In accordance with the foregoing, and in the interests of justice, the petition is granted to the extent that the order of the District Rent Administrator denying petitioner’s application and the deemed denial of petitioner’s PAR are vacated. This matter is remitted to the agency for a calculation of the increases based on the installation of new windows except as to any apartment where the agency finds, pursuant to the tenant’s complaint, that no new windows have been installed or installation has not been completed.